SAMUEL W. SPOFFORD & another *vs.* LOUISA LOVELAND.

Suffolk. November 10. — 11, 1880. LORD & SOULE, JJ., absent.

The statement in a judge's certificate upon a bill of exceptions, that the exceptions were "disallowed for the reason that no notice appeared to have been duly given of the filing of these exceptions to the adverse party," is conclusive, and cannot be revised by this court upon a petition to establish the truth of the exceptions, under the Gen. Sts. *c.* 115, § 11.

PETITION under the Gen. Sts. *c.* 115, § 11, to establish the truth of exceptions alleged at the trial of a civil action in the Superior Court, before *Bacon*, J., without a jury, and which, as the judge stated in his certificate upon the bill of exceptions, were "disallowed for the reason that no notice appeared to have been duly given of the filing of these exceptions to the adverse party."

The petition alleged that the attorney of the petitioners gave due notice of the filing of the exceptions to the attorney of the adverse party verbally at the clerk's office of the Superior Court "at the time when said exceptions were filed." The respondent now moved this court to dismiss the petition: 1st. Because it did not appear by the petition that proper notice of the filing of the exceptions was given to the respondent. 2d. Because the certificate of the judge was conclusive upon this point.

*D. F. Fitz*, for the respondent.

*H. J. Edwards*, for the petitioners.

GRAY, C. J. The statutes provide that exceptions to rulings of the Superior Court, "being reduced to writing in a summary mode and filed with the clerk, and notice thereof given to the adverse party, may be presented to the court" within a time prescribed; that "in all cases the adverse party shall have an opportunity to be heard concerning the allowance of such exceptions;" that "the exceptions, being examined and found conformable to the truth, shall be allowed by the presiding judge;" that the exceptions shall be restored to the files by the judge, "with a certificate under his hand, either allowing or disallowing the same;" and that, if he disallows the exceptions, "the truth of the exceptions presented may be established" before this court. Gen. Sts. *c.* 115, §§ 7, 8, 11.

While the statutes provide a remedy by which the truth of the exceptions presented may be established in this court, notwithstanding they have been disallowed by the judge who presided at the trial, they do not empower this court to revise his decision in matter of fact upon the question whether the needful preliminary steps have been taken to entitle the excepting party to have his exceptions allowed. The time of the filing of the exceptions must be ascertained by the record or docket of the court below. The appropriate evidence of the presenting of the exceptions to the judge, and of the notice to the adverse party, without which the judge is not authorized to allow the exceptions, is the certificate which the judge is required to make upon restoring the exceptions to the files. The judge's statements in that certificate, upon the fact whether such notice has or has not been given, are conclusive, and cannot be controlled by other evidence. If his decision upon that fact involves any question of law, such question may be presented by a certificate allowing the exceptions, subject to the opinion of this court upon that question of law. *Conway* v. *Callahan*, 121 Mass. 165. *Walker* v. *Moors*, 122 Mass. 501. *Blair* v. *Laflin*, 127 Mass. 518. Or his decision upon such question of law, if adverse to the excepting party, may perhaps itself be brought before this court by bill of exceptions. Gen. Sts. *c.* 115, § 7. But when, as in the present case, the judge's certificate merely states that no notice appeared to have been duly given to the adverse party of the filing of the exceptions, and no bill of exceptions has been tendered to any ruling in matter of law relating to such notice, this court cannot revise his certificate in matter of fact, and has and can have no means of determining that that certificate is erroneous in matter of law. *Petition dismissed.*