WILLIAM PURCELL *vs.* BOSTON, HALIFAX, AND PRINCE
EDWARD ISLAND STEAMSHIP LINE.

Suffolk.    January 13, 1890. — February 26, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Filing of Exceptions — Extension of Time — Notice to Adverse Party.*

The notice of the filing of exceptions required to be given to the adverse party by
the Pub. Sts. c. 153, § 8, is not dispensed with by an extension of the time for
filing such exceptions, if he raises the objection before their allowance, and does
not waive the omission to give such notice.

The question whether exceptions, in the absence of notice of filing to the adverse
party, were properly allowed, may be presented by the adverse party by a sep-
arate bill of exceptions.

TORT, for personal injuries occasioned to the plaintiff while
in the defendant's employment. At the trial in the Superior
Court, before *Thompson*, J., the jury returned a verdict for the
plaintiff, on June 5, 1889, and the defendant alleged exceptions
to certain rulings of the judge at the trial, which the judge al-
lowed ; and the plaintiff alleged exceptions to the allowance of
the defendant's exceptions.    The facts appear in the opinion.

*E. J. Hadley*, for the plaintiff.

*J. W. Rollins*, for the defendant.

C. ALLEN, J.    The defendant's exceptions cannot be enter-
tained and considered, because the defendant failed to give to
the plaintiff the notice required by the Pub. Sts. c. 153, § 8.    It
is there provided that exceptions " shall be filed with the clerk
and notice thereof given to the adverse party . . . within three
days after the verdict. . . . For good cause shown, a further
time, not exceeding five days unless by consent of the adverse
party, may be allowed by the court."    An extension of time was
given, which expired on June 13, on which day the defendant
filed exceptions, but gave no notice to the plaintiff until June 24.
There is no room for the suggestion of the defendant, that, when
a further time is allowed, no notice at all need be given to the
adverse party.    The plaintiff has never waived the omission to
give seasonable notice to him, and he raised the objection before

the allowance of the exceptions. The giving of the notice seasonably to the adverse party is made essential by the statute, and the plaintiff had a right to insist upon his objection, and under this state of things the court could not properly allow the defendant's exceptions. *Conway* v. *Callahan*, 121 Mass. 165. *Spofford* v. *Loveland*, 130 Mass. 6.

The usual and sufficient method of presenting a question of this kind is by a certificate of the facts, made by the presiding justice upon the bill of exceptions. *Conway* v. *Callahan*, 121 Mass. 165. *Browne* v. *Hale*, 127 Mass. 158, 161. But since it was a question of law whether under the circumstances the court had a right to allow the exceptions, the plaintiff might also properly present that question by a separate bill of exceptions, as was done in *Cowley* v. *McLaughlin*, 141 Mass. 181, 183. Pub. Sts. c. 153, § 8.  *Plaintiff's exceptions sustained.*

*Defendant's exceptions dismissed.*