### EARL W. DAY, petitioner.

Worcester. January 19, 1920. — January 22, 1920.

Present: RUGG, C. J., DE COURCY, PIERCE, CARROLL, & JENNEY, JJ.

*Practice, Civil*, Exceptions.

A finding by a judge of the Superior Court that no sufficient notice was given of the filing of a bill of exceptions and a dismissal of the exceptions for that reason cannot be reviewed by this court upon a petition under R. L. c. 173, § 110, for the establishment of the exceptions.

If a judge of the Superior Court, in reaching a conclusion that sufficient notice was not given of the filing of a bill of exceptions and in dismissing the exceptions, commits any error of law, such error can be brought before this court for correction either by a certificate of the presiding judge stating the material facts or by a bill of exceptions.

PETITION, filed in the Supreme Judicial Court on October 15, 1919, to establish exceptions alleged to have been saved by the petitioner at the trial in the Superior Court before *Keating, J.*, of an action by him against John McClellan and others.

Allegations of the petition material to this decision are described in the opinion.

The petitioner, at the sitting of the full court for the Commonwealth on January 19, 1920, presented the petition and moved for the appointment of a commissioner.

*M. T. Flaherty,* for the petitioner.

RUGG, C. J.　It is alleged in this petition that certain exceptions, duly saved by the petitioner in the course of a trial in the Superior Court, were reduced to writing and seasonably filed, that due notice of the filing was given to the adversary party and that thereafter the exceptions were dismissed upon motion on the ground that the petitioner had given no sufficient notice of the filing of the exceptions. These allegations do not come within the terms of R. L. c. 173, § 110, which govern proceedings for the establishment of exceptions to the effect that "the truth of the exceptions presented may be established" when the judge disallows or fails to sign and return the exceptions. No question is raised on this petition as to the truth of every statement in the bill of exceptions as filed. Whether notice of the filing of the exceptions was given seasonably or at all is a question of fact on which it is the duty of the judge to make a finding. His finding in that particular cannot be reviewed in this form of proceeding. If he commits any error of law in reaching his conclusion, it can be brought before this court for correction either by certificate of the presiding judge stating the material facts, *Conway* v. *Callahan,* 121 Mass. 165, *Browne* v. *Hale,* 127 Mass. 158, 161, *Spofford* v. *Loveland,* 130 Mass. 6, *Purcell* v. *Boston, Halifax, & Prince Edward Island Steamship Line,* 151 Mass. 158, or by bill of exceptions, *Hurley* v. *Boston Elevated Railway,* 213 Mass. 192. *Chertok* v. *Dix,* 222 Mass. 226. *Murch* v. *Clapp,* 228 Mass. 569. See *Moneyweight Scale Co., petitioner,* 225 Mass. 473. Those forms of procedure afford ample remedy against any erroneous ruling of law made in that connection.

*Petition dismissed.*