SAMUEL GLICK, petitioner.

Middlesex.    December 6, 1937. — January 31, 1938.

Present: RUGG, C.J., FIELD, LUMMUS, QUA, & COX, JJ.

*Practice, Criminal*, Exceptions: dismissal, allowance and establishment.

The propriety of a dismissal of a bill of exceptions in a criminal case was not before this court upon a petition for the establishment of the exceptions, and the order of dismissal could not be reversed even though the parties agreed that the bill was conformable to the truth.

PETITION, filed in this court on July 17, 1937.

*S. Meline*, (*G. Goldberg* with him,) for the petitioner.

*J. B. Davidson*, Assistant District Attorney, for the Commonwealth.

FIELD, J. This is a petition, filed in this court on July 17, 1937, to establish exceptions in a criminal case tried in the Superior Court before a judge and a jury on a complaint against the petitioner brought in a district court. The petition alleges that at the trial the petitioner — there the defendant — seasonably saved exceptions, and continues as follows: "The jury returned a verdict of guilty. Thereafter, and within three days, the defendant filed Defendant's Bill of Exceptions, a copy of which is hereto annexed . . . and thereafter, gave notice of said filing and a copy of said Bill of Exceptions to the District Attorney. Thereafter, the defendant communicated with the said presiding judge and with the District Attorney, requesting a hearing on the allowance of said Bill of Exceptions, but said hearing was not granted until the seventh day of July, 1937. Thereafter, the said presiding judge refused to allow and sign said Bill of Exceptions, but directed the following entry to be made, '1937, July 7. Defendant's Bill of Exceptions dismissed. Dowd, J.' The defendant received notice of such refusal on the eighth day of July, 1937. And the defendant avers that said Bill of Exceptions are

true, and prays this Honorable Court to establish the truth of said Bill of Exceptions." An alleged copy of the bill of exceptions filed is annexed to the petition. There is no allegation, nor does it appear in the record, that there was any certificate or other indorsement by the trial judge on the bill of exceptions filed.

The docket entries in the Superior Court — a copy of which is transmitted to this court (see G. L. [Ter. Ed.] c. 231, § 135; *Styrnbrough* v. *Cambridge Savings Bank, ante,* 22) — which cannot be varied or contradicted (*Gallo* v. *Foley, ante,* 1, 5) show that on May 12, 1936, there was a verdict of guilty, that on May 14, 1936, the defendant filed a bill of exceptions, and that on July 7, 1937, this bill of exceptions was "dismissed."

The petition was referred to a commissioner to "settle the truth of the exceptions and report to the court." His report is now before us. It contains a statement that the "representative of the Commonwealth . . . disclaimed any contention that the bill of exceptions . . . was not conformable to the truth," and that the parties "have agreed that the bill may be established in the following form," and sets out a "Defendant's Bill of Exceptions" which varies only slightly from the bill of exceptions filed by the petitioner.

The grievance stated in the petition is not merely that the trial judge "refused to allow and sign" the bill of exceptions (see G. L. [Ter. Ed.] c. 278, § 31; c. 231, § 117), but also that he ordered the bill of exceptions "dismissed." The petition not only alleges that the exceptions are conformable to the truth, but also contains allegations relating to filing them, giving notice thereof and requesting a hearing thereon.

It is not to be assumed that in ordering the bill of exceptions dismissed the trial judge acted inadvertently and intended merely to disallow the exceptions because they did not conform to the truth. In some circumstances, such, for example, as where exceptions are not filed within the time required by statute, or notice thereof, if not waived, is not given to the Commonwealth within the statutory

period, an order dismissing the exceptions is proper. See G. L. (Ter. Ed.) c. 278, § 31; *Day* v. *McClellan*, 236 Mass. 330. See also G. L. (Ter. Ed.) c. 278, § 32. Compare G. L. (Ter. Ed.) c. 231, §§ 113, 114, which, though similar in some respects to G. L. (Ter. Ed.) c. 278, § 31, is not applicable to criminal cases. If, in ordering a bill of exceptions dismissed, the trial judge commits any error of law, such error "can be brought before this court for correction either by certificate of the presiding judge stating the material facts . . . or by bill of exceptions." *Day, petitioner*, 234 Mass. 576, 577. Here there was no such certificate. In the absence of such a certificate there is no basis in fact, apart, at least, from the docket entries, for correction, in this proceeding, of error of law in dismissing the bill of exceptions. And though the docket entries show that this bill of exceptions was filed within the time fixed therefor by statute they do not show that the notice required by statute was given or that such notice was waived. See G. L. (Ter. Ed.) c. 278, § 31. Whether on any ground other than failure to comply with these statutory requirements the bill of exceptions filed could rightly have been dismissed need not be discussed. If error of law was committed in dismissing this bill of exceptions, in the absence, as here, of a certificate of the presiding judge, the petitioner's remedy was through a bill of exceptions bringing that error before this court for correction. *Day, petitioner*, 234 Mass. 576, 577. Since the order dismissing the bill of exceptions filed cannot be reversed in this proceeding there is no bill of exceptions before us the truth of which can be established even in accordance with an agreement of the parties. See *Herbert* v. *G. E. Lothrop Theatres Co.* 273 Mass. 462, 465.

*Petition dismissed.*