SAMUEL GLICK, petitioner to establish the truth of exceptions. October 25, 1938. Petition dismissed. Ordered that copy of this rescript be transmitted to the clerk of the Superior Court for the county of Middlesex, where the original case of Commonwealth *vs.* Samuel Glick is pending. According to the certificate of the judge the petitioner did not give notice to the Commonwealth as required by G. L. (Ter. Ed.) c. 278, § 31, and such notice has not been waived. *Spofford* v. *Loveland,* 130 Mass. 6. *Day, petitioner,* 234 Mass. 576. *Day* v. *McClellan,* 236 Mass. 330, 332. *Samuel* v. *Page-Storm Drop Forge Co.* 243 Mass. 133, 136. *Glick, petitioner,* 299 Mass. 255, 257.

*S. Meline & G. Goldberg,* for the petitioner.

HERBERT L. FOSTER *vs.* GERTRUDE C. ELLIOTT *et al.* October 26, 1938. Petition dismissed. The petition does not disclose that a substantial question for determination by this court would be presented if leave to appeal should be granted. *Lovell* v. *Lovell,* 276 Mass. 10, 11–12. We do not decide whether there was "accident or mistake" within the meaning of G. L. (Ter. Ed.) c. 215, § 15.

*M. G. Rogers & R. W. Sherburne,* for the petitioner.
*J. F. Corbett & J. C. Donohue,* for the respondents.

B. F. CONSTRUCTION CO. INC. *vs.* CARLETON F. HOLBROOK. November 16, 1938. Exceptions overruled. There is no reason to doubt the truth of the statement of the trial judge with respect to the improper letter sent to him by the attorneys for the defendant that "the letter referred to in no way affected the decision in the case, its contents being given no consideration by the judge and the matter referred to in the letter not entering into the ground of the decision." In these circumstances no prejudice to the plaintiff is shown, and there was no abuse of discretion or other error of law in refusing to grant a new trial. See *Crosby* v. *Blanchard,* 7 Allen, 385, 387; *Newman* v. *Newman,* 211 Mass. 508, 509; *Manning* v. *Woodlawn Cemetery Corp.* 245 Mass. 250, 252–253; *Jameson* v. *Hayes,* 250 Mass. 302, 308; *Nicoli* v. *Berglund,* 293 Mass. 426, 430–431. *Munde* v. *Lambie,* 125 Mass. 367, and cases therein cited, relied on by the plaintiff, are distinguishable.

*W. D. Stein,* for the plaintiff, submitted a brief.
*P. Sykes,* for the defendant.