WALTER J. GALLAGHER *vs.* HORACE K. ATKINS.

Bristol.    October 23, 1939. — February 26, 1940.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Practice, Civil,* Appellate Division: jurisdiction, report, petition to establish report.

Upon dismissal by a District Court judge of a claim of report and draft report for want of compliance with the rules respecting them, the Appellate Division had no power to entertain a petition to establish a report, whether the dismissal was proper or not; the petitioner's remedy was to secure a report from the District Court of the questions of law involved in the dismissal.

Although a petition to establish a report was not properly before the Appellate Division of a District Court following dismissal of the draft report by the trial judge, the petition should not have been denied but should have been dismissed without prejudice to the petitioner's right to proceed by a report respecting the propriety of the dismissal of the earlier draft report, or, if a report respecting such dismissal were disallowed, by a petition to establish it.

TORT.    Writ in the First District Court of Bristol dated August 20, 1937.

Proceedings in the case after a finding by *Woods,* J., for the plaintiff in the sum of $891, are described in the opinion.

*E. C. McCabe,* for the defendant, submitted a brief.

*F. D. Mone,* for the plaintiff.

FIELD, C.J.    This action of tort was tried in a District Court.    There was a finding for the plaintiff.    The case comes before us on appeal from an order of the Appellate

Division denying a petition of the defendant to establish a report. See *Santosuosso* v. *DellaRusso*, 300 Mass. 247.

The course of proceedings in this case has been as follows: Within five days after notice of the finding the defendant filed a claim for a report, and within ten days after such notice, a draft report. See Rules 13, as amended, 27, 28, of the District Courts (1932). Later the trial judge made a supplementary finding of which the defendant was notified, and within five days after notice thereof the defendant filed two more draft reports. Shortly thereafter the plaintiff filed a motion to dismiss the defendant's claim for a report and the three draft reports on the ground of noncompliance, in the case of each of the draft reports, with the provisions of Rule 28 of the District Courts (1932) that a "copy of such draft report shall be delivered or mailed postpaid by the party requesting the report to the adverse party before the close of the next business day after such filing" of a draft report. On July 26, 1938, the trial judge "allowed" this motion to dismiss and · dealt with the defendant's request for rulings relating thereto. Within five days thereafter "the defendant filed a draft report, which in substance related to the question of the right of the court to allow said motion to dismiss. That draft report is still on file, with no hearing having been held thereon, altho a request for hearing was duly filed." The docket contains the following: "Memo. rec'd Aug. 9, 1938 from . . . [the trial judge] stating Draft Report had been disallowed. Notices mailed Aug. 12, 1938." See *Styrnbrough* v. *Cambridge Savings Bank*, 299 Mass. 22. On August 17, 1938, this petition to establish a report was filed. It appears to have been directed to establishing a report of the rulings made at the trial on the merits, though reference is made therein to the action of the trial judge in granting the motion to dismiss.

1. The Appellate Division could not properly establish a report of rulings made at the trial on the merits. A draft report on the files of the court is prerequisite to the establishment of a report. See Rules 28, 30 of the District Courts (1932). After the granting of the motion to dismiss, whether

such action was right or wrong as matter of law, and until the order to that effect was vacated or reversed, there was no draft report relating to the trial on the merits on the files of the court which the trial judge could disallow — even if such was the purport of the action shown by the docket entry of the memorandum of August 9, 1938 — or which would furnish a basis for establishing a report. In this respect the analogy to a bill of exceptions is close, though there are no provisions in the statutes or rules of the district courts relating to the dismissal of claims for reports or draft reports similar to the statutes and rules relating to the dismissal of bills of exceptions in other courts. See G. L. (Ter. Ed.) c. 231, § 114; c. 278, § 32; Rule 74 of the Superior Court (1932). It is settled that it is proper practice for the trial court to dismiss a bill of exceptions not rightly on the files of the court because of lack of the notice required by statute or rule. See *Day, petitioner,* 234 Mass. 576, 577; *Day* v. *McClellan,* 236 Mass. 330, 331–332; *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133, 135–136; *Walsh* v. *Feinstein,* 274 Mass. 597; *Arlington Trust Co.* v. *LeVine,* 289 Mass. 585; *Saunders* v. *Shoe Lace Co.* 293 Mass. 265; *Glick, petitioner,* 299 Mass. 255, 257. No reason appears why the practice should not be the same, as nearly as may be, in the case of a claim for a report or a draft report not rightly on the files of the district courts. As was said in *Day* v. *McClellan,* 236 Mass. 330, 331, where a bill of exceptions had been dismissed, "On reason the practice is sound. A matter on the files and yet not properly before the court ordinarily is dismissed and not considered on its merits." This is in accord with the decision of this court in *Massachusetts Drug Co.* v. *Bencks,* 256 Mass. 535, where an order of the Appellate Division dismissing a report on the ground that the draft report was not filed within the five-day period prescribed by rule was affirmed.

Where a bill of exceptions is dismissed on the ground of lack of the required notice, the remedy of the aggrieved party is by exception, not by a petition to establish exceptions — at least in the absence of a certificate of the trial judge upon the bill of exceptions stating the material facts

relating to notice. See. *Day, petitioner,* 234 Mass. 576; *Day v. McClellan,* 236 Mass. 330; *Samuel v. Page-Storms Drop Forge Co.* 243 Mass. 133, 135–136; *Glick, petitioner,* 299 Mass. 255. See also *Purcell v. Boston, Halifax, & Prince Edward Island Steamship Line,* 151 Mass. 158, 159. Since, according to the practice in the district courts, a report serves the purpose of a bill of exceptions in other courts, the remedy of the party aggrieved by a dismissal of a report relating to rulings made at the trial on the merits is to be had upon a report of the questions of law involved in such dismissal, and not by a petition to establish a report of the rulings made at such a trial. In the present case the granting of the motion to dismiss left the case ripe for judgment so as to entitle the defendant to have the rulings involved therein reported for determination by the Appellate Division. G. L. (Ter. Ed.) c. 231, § 108. See *Samuel v. Page-Storms Drop Forge Co.* 243 Mass. 133, 134–135. The conclusion here stated is not inconsistent with the rule of the district courts providing for establishing a claim for a report which has been disallowed "as not conformable to the facts, or for any other cause." Rule 30.

2. The Appellate Division could not properly establish a report of rulings involved in the dismissal of the claim for a report and the draft reports. Indeed this petition was not directed to that end. Moreover, this petition considered as a petition to establish such a report was filed prematurely since, though a draft report relating to the order dismissing the claim for a report and the draft reports had been filed and a hearing thereon requested, no such hearing was had and this draft report had not been disallowed by the trial judge. His action referred to in the docket entry relating to a memorandum of August 9, 1938, cannot be construed as a disallowance of this draft report. See Rule 28 of the District Courts (1932).

3. The result is that the Appellate Division was right in refusing to establish a report. But the true ground for refusing to establish such a report was that, for reasons already stated, the petition to establish a report was not rightly before the Appellate Division. Therefore this peti-

tion should have been dismissed without prejudice to the right of the defendant to petition for the establishment of a report of the rulings involved in the granting of the motion to dismiss if the defendant's claim for such a report should be disallowed by the trial judge.  The order of the Appellate Division is reversed and the petition to establish a report dismissed without prejudice, as herein stated.

*So ordered.*