JOHN J. MURRAY *vs.* EDES MANUFACTURING COMPANY.

Plymouth.   February 9, 1940. — February 27, 1940.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Practice, Civil,* Appellate Division: report; Rules of court.   *Words,* "Shall."

The correct method of securing review of a District Court judge's dismissal of a claim for a report and of a draft report on the ground of noncompliance with the rules of the court is by a report respecting the dismissal, not by a petition to establish the report dismissed.

The provision of Rule 28 of the District Courts (1932) that "The party requesting the report shall within five days after filing of the draft report request in writing a hearing thereon" does not constitute the filing of this request for a hearing within the five days an essential step in perfecting the report; it means only that, if that party requests a hearing, he must do so within the five days.

CONTRACT. Writ in the Third District Court of Plymouth dated August 23, 1938.

From a dismissal by the Appellate Division for the Southern District of a report by *J. V. Sullivan,* J., of his allowance of a "motion to disallow claim of report," the plaintiff appealed.

The case was submitted on briefs.

*A. W. Wunderly,* for the plaintiff.

*G. W. Arbuckle,* for the defendant.

FIELD, C.J.   This action of contract was tried in a District Court. As appears from the docket entries, on March 28, 1939, there was a finding for the defendant; on March 30, 1939, the plaintiff filed a request for a report; on April 4, 1939, he filed a draft report, and on April 14, 1939,

he filed a request for a hearing thereon. Thereafter the defendant filed a motion — headed "Motion to Disallow Claim of Report" — that the claim for a report and draft report be "disallowed and dismissed, for it is apparent from the records as aforesaid that the plaintiff has failed to comply with the rules of said court pertaining to prosecution of appeals." At a hearing on the motion the plaintiff requested a ruling that the "motion should be denied." The judge denied this request and "allowed the defendant's motion to disallow claim for report." There was a report to the Appellate Division of the rulings involved in granting the motion. The Appellate Division dismissed the report and the plaintiff appealed to this court.

The defendant's motion though in terms for disallowance as well as dismissal of the plaintiff's claim for a report and draft report was, in part at least, a motion that the claim and draft report be dismissed as not properly on the files of the court, and apparently was dealt with by the trial judge as a motion to dismiss, since he did not, as required by Rule 28 of the District Courts (1932), "set forth in writing succinctly the facts and reasons for such disallowance." The plaintiff sought review of the rulings of law involved in the action of the judge upon the defendant's motion by a report of such rulings and not by a petition to establish a report of rulings of law made at the trial of the case on the merits. See Rule 30 of the District Courts (1932). This was correct practice. *Gallagher* v. *Atkins*, *ante*, 261, and cases cited.

We think that it was error for the trial judge to dismiss the plaintiff's claim for a report and draft report. The sole ground of such dismissal was the failure of the plaintiff to file a request for a hearing on the draft report "within five days after filing of the draft report" as provided by the fourth paragraph of Rule 28 of the District Courts (1932), which reads as follows: "The party requesting the report shall within five days after filing of the draft report request in writing a hearing thereon and the prevailing party may do likewise unless the draft report is satisfactory as filed." This paragraph must be construed in connection

with other provisions of the rule, including the first sentence of the fifth paragraph thereof, which provides that "The Justice shall thereupon, and after a hearing if one has been requested, either allow the report or disallow the claim for a report."

The language of the fourth paragraph of the rule applicable to the "party requesting the report" is in form mandatory. It provides that he "shall" request a hearing within the prescribed period. The word "shall" may be construed as permissive where the subject matter requires. See *Swift* v. *Registrars of Voters of Quincy*, 281 Mass. 271, 276. But here the word "shall," used in the clause of the rule relating to the "party requesting the report," seems to be contrasted with the word "may," used in the clause relating to the "prevailing party," and, therefore, to import that the former clause is mandatory, though the latter is permissive. Moreover, the subordinate clause "unless the draft report is satisfactory as filed" naturally modifies only the last antecedent clause — the clause relating to the "prevailing party" (*Clarke* v. *Treasurer & Receiver General*, 226 Mass. 301, 303) — though it may be given a different construction if the subject matter requires. *Oak Bluffs* v. *Cottage City Water Co.* 235 Mass. 18, 24. Therefore a natural construction of the fourth paragraph of the rule if it stood alone would be that the provision for a request for a hearing by the "party requesting the report" is peremptory, and that such a request is an essential step in perfecting the report — as is the filing of the draft report within the time prescribed therefor (see *Massachusetts Drug Co.* v. *Bencks*, 256 Mass. 535) — though the provision for a request for a hearing by the "prevailing party," if such party is not satisfied with the draft report, is permissive.

The fourth paragraph of the rule, however, does not stand alone. And if it should be given the construction that — as is pointed out above — would be a natural one if it stood alone, the paragraph would be in conflict with the provision contained in the first sentence of the fifth paragraph of the rule. By that sentence a trial judge is

directed to "either allow the report or disallow the claim for a report," and to do so either "thereupon" or "after a hearing if one has been requested." The language clearly imports that the trial judge shall allow a report — if in other respects proper for allowance — even if no hearing has been requested. (Since the trial judge cannot so act if a hearing has been requested until after the hearing and the period within which a request for a hearing is to be made is fixed, the word "thereupon" obviously means upon the expiration of the period within which under the rule a hearing is to be requested.) We think that this clear direction to the trial judge must be given effect, and that the fourth paragraph of the rule must be given a construction harmonious therewith, even though such construction might not be the more natural construction of the fourth paragraph if it stood alone.

The use of the clause "unless the draft report is satisfactory" as applied to the "prevailing party" recognizes that such party has no real interest in the allowance or disallowance of a draft report if it is satisfactory. But the "party requesting the report," even though satisfied with the draft report, as ordinarily he should be since it was filed by him, has an interest in convincing the trial judge that the draft report is proper and should be allowed, in order that he may obtain a review by the Appellate Division of the rulings of the trial judge. Consequently, though this party might wish a hearing on the draft report in order that, under the rule, the judge may "amend his report after hearing," the opportunity of such party for a hearing would not naturally be limited to a hearing upon a draft report unsatisfactory to him. This difference furnishes at least a partial explanation for the form of the fourth paragraph of the rule. And the only real ground for interpreting this paragraph as peremptory with respect to the "party requesting the report" is the use of the word "shall" in the clause applicable to him, while the word "may" is used in the clause applicable to the other party. However, though the use of these words renders the paragraph somewhat ambiguous, we think that the word "shall," considered in

the light of the other provisions of the rule, is to be construed as mandatory only in the sense that a request for a hearing, if filed, must be filed "within five days after filing of the draft report," and that the word "may" used in the situation where there is less likelihood of a request for a hearing is permissive with respect to the same period of time.

The interpretation here given to the fourth paragraph of the rule does not render nugatory the change made in the rule in 1932. Before that time the rule on the same subject (Rule 29 of the District Courts [1922]) provided that "a hearing shall be had on said report, if any party files a written request therefor. The justice shall thereupon settle the form of his report or disallow the claim of a report." No time was prescribed within which a request for a hearing was to be filed. And obviously such a request was not an essential step in perfecting the report. By the later rule, however, a time is fixed within which a request for a hearing shall be filed. This appears to have been the primary if not the sole purpose of the change in the rule. And for reasons stated the new rule is not to be construed as making the further and fundamental change of constituting the filing of a request for a hearing within the time prescribed an essential step in perfecting the report.

A report of rulings made in a District Court to which a party is entitled as of right serves the same purpose as a bill of exceptions in other courts. But there are substantial procedural differences. Without discussing these differences it is enough to say that the presentation of a bill of exceptions to the presiding judge for allowance, which is required by statute (G. L. [Ter. Ed.] c. 231, §§ 113, 114) as an essential step in perfecting such bill of exceptions (see Rule 74 of the Superior Court [1932]; *Herbert* v. *G. E. Lothrop Theatres Co.* 273 Mass. 462, 464. *Graustein* v. *H. P. Hood & Sons, Inc.* 293 Mass. 207, 211), stands on a different footing from the filing in a District Court of a request for a hearing on a draft report.

We conclude that the failure of the plaintiff to file a request for a hearing on his draft report within the time pre-

scribed by the rule was not fatal to the allowance of the report, and that the plaintiff's claim of report and draft report were dismissed wrongly.

> *Order of Appellate Division reversed.*
> *Defendant's "Motion to Disallow*
> *Claim of Report" denied.*