## ·Paul Calcagno *vs.* P. H. Graham & Sons Co. Inc.

Suffolk.    October 8, 1940. — March 29, 1943.

Present: Field, C.J., Donahue, Dolan, Cox, & Ronan, JJ.

*Practice, Civil,* Appellate Division: jurisdiction, filing of draft report, petition to establish report, opinion, appeal; Extension of time; Rules of court.  *Rules of Court.*

An opinion of an Appellate Division, so far as it embodies findings and rulings by the Appellate Division upon a petition to establish a report, is part of the record on an appeal from a denial of the petition.

The question of law, whether a claim of report was rightly "disallowed" by a Municipal Court on the ground that the draft report had not been filed seasonably, could be raised by a petition to the Appellate Division to establish the report and came before this court on an appeal from a denial of the petition on the same ground.

After an extension of the time for filing a draft report had been allowed on an application made within the five days specified in Rule 29 of the Municipal Court of the City of Boston (1932), as amended in 1935, a judge of the court had no power under the amended rule to grant a further extension of time upon an application not made within such five days, although it was made within the period fixed by the first extension; and a draft report filed within the period fixed by the second extension but not until after the expiration of the period fixed by the first extension was filed too late.

An Appellate Division rightly denied a petition to establish a report where the draft report had not been filed seasonably.

Tort.  Writ in the Municipal Court of the City of Boston dated July 30, 1935.

Proceedings following a finding for the plaintiff are described in the opinion.

In this court the case was submitted on briefs.

*J. A. Farrer & T. H. Bresnahan,* for the defendant.

*F. I. Rose,* for the plaintiff.

FIELD, C.J. This is an appeal by the defendant in a case tried in the Municipal Court of the City of Boston, from an order of the Appellate Division whereby the defendant's petition to establish a report was denied. Rule 30 of the Municipal Court of the City of Boston (1932) as amended in 1935. See now Rule 30 (1940).

The opinion of the Appellate Division sets forth that "it appears of record that the claim of report was disallowed pursuant to rule 29 which provides that the time for filing a draft report can be extended upon application made within five days after notice of the finding or decision in the case," that the "defendant's motion to extend the time to and including June 23, 1939, for filing the draft report was duly allowed June 8, 1939, and on June 23, 1939, a second motion to extend the time to and including July 24, 1939, for filing the draft report was allowed upon application of defendant. The draft report was filed July 19, 1939." It further appears from the opinion that the Appellate Division ruled that the "court's power to extend the time for filing the draft report ceased after the allowance of the first application for extension, therefore the draft report not having been duly filed the claim of report was rightfully disallowed."

Ordinarily the opinion of the Appellate Division is not a part of the record of a case on appeal (*Jones* v. *Cella,* 284 Mass. 154, 159), but the practice upon a petition to establish a report differs from the practice upon a report. In the former situation, unlike the latter, the Appellate Division makes findings of fact, and unless the material facts are found by the Appellate Division no question of law is presented to this court by an appeal from the denial of the petition to establish a report. *Cohen* v. *Berkowitz,* 215 Mass. 68. *Sawsik* v. *Ciborowski,* 256 Mass. 583. *Wilson* v. *Checker Taxi Co.* 263 Mass. 425, 426. *Patterson* v. *Cibo-*

*rowski*, 277 Mass. 260, 264. *Squires* v. *Toye*, 291 Mass. 342. *Burick* v. *Boston Elevated Railway*, 293 Mass. 431, 435. *Morse* v. *Homer's Inc.* 295 Mass. 606, 611. *Santosuosso* v. *DellaRusso*, 300 Mass. 247, 250. Such findings are necessarily a part of the record on appeal. *Patterson* v. *Ciborowski*, 277 Mass. 260, 263–264. And it is not unnatural for an Appellate Division to embody in its opinion such findings of fact and rulings of law thereon rather than to file a separate document embodying such findings and rulings. The opinion of the Appellate Division in the present case, so far as it embodies the findings of fact and rulings of law of the Appellate Division, is, therefore, to be treated as a part of the record on appeal. Compare *Morse* v. *Homer's Inc.* 295 Mass. 606, 611. A question of law presented by the present appeal is whether on the facts set forth in the opinion of the Appellate Division the petition to establish the report was denied rightly on the ground that the defendant's draft report was not seasonably filed.

It is contended, however, by the plaintiff that this question is not raised by a petition to establish the report. The plaintiff's contention is that the defendant's remedy was by a request for a report of the order that the claim for report be disallowed. He rests this contention upon *Gallagher* v. *Atkins*, 305 Mass. 261, and *Murray* v. *Edes Manuf. Co.* 305 Mass. 311. But the situation in those cases was different from the situation here. The orders there in question were interpreted as orders dismissing claims for reports and draft reports. The result of such an order is that thereafter there is no draft report upon the files of the court that can be established upon a petition to establish a report. *Gallagher* v. *Atkins*, 305 Mass. 261, 262–263. Consequently the only method of reviewing such an order was upon a request for a report analogous to an exception to an order dismissing a bill of exceptions. See *Day, petitioner*, 234 Mass. 576, 577; *Glick, petitioner*, 299 Mass. 255, 257. But the record in the present case recites that the claim of report was "disallowed." It may well be that an order "dismissing" the claim for report would have been an appropriate order if warranted by the facts.

However, we must take the record as we find it. Moreover, notwithstanding the form of the order, it may well be that the defendant could have raised the question here involved by a request for a report. *Purcell* v. *Boston, Halifax & Prince Edward Island Steamship Line*, 151 Mass. 158, 159. *Hurley* v. *Boston Elevated Railway*, 213 Mass. 192, 193. But even if the defendant could have done so, it was not precluded from raising this question by a petition to establish a report under Rule 30 of the Municipal Court of the City of Boston (1932), as amended, whereby provision is made for a petition to establish a report whenever "a claim of report shall be disallowed . . . as not conformable to the facts or for any other cause." And the report could not rightly be established upon such a petition if the draft report was not filed seasonably. See *Frank, petitioner*, 213 Mass. 194; *Allen, petitioner*, 255 Mass. 227.

On the facts stated in the opinion the defendant's petition to establish the report was rightly denied on the ground that the draft report was not filed seasonably. Rule 29 of the Municipal Court of the City of Boston (1932), as amended in 1935 (see now Rule 29 [1940]), provides in part that the "party requesting a report shall file a draft thereof within five days after notice of the finding or decision in the cause unless further time is allowed by the court upon application made within such five days." Rule 2 of the Municipal Court of the City of Boston (1932) (see now Rule 2 [1940]) provides in part that the "court in its discretion may order or permit pleadings to be filed, or any act to be done, at other times than are provided in these rules; but this shall not apply to any action required to obtain legal review by the appellate division." These rules must be strictly observed and cannot be waived by the parties or changed by an individual judge. *Murphy* v. *William C. Barry, Inc.* 295 Mass. 94, 97. "Individual judges have no power to dispense with rules lawfully adopted for the conduct of the business of the courts." *Carp* v. *Kaplan*, 251 Mass. 225, 228. *Kaufman* v. *Buckley*, 285 Mass. 83, 86.

The defendant's draft report was not filed within the time

fixed by the first extension of time for filing a draft report but it was filed within the time fixed by the second extension of time. Doubtless a second extension of time is, "in effect, merely a lengthening of the period of the first extension." *Boston* v. *Santosuosso,* 302 Mass. 169, 176. Nevertheless, an order for a second extension is not merely an amendment of the order for the first extension. It is an independent order based upon a new application for extension of time, and the new application is subject to the requirements of the rules applicable to extensions of time for filing draft reports. Compare *Boston* v. *Santosuosso,* 302 Mass. 169, 176. Rule 29, as amended, makes no express exception to the requirement that a draft report be filed "within five days after notice of the finding or decision in the cause" other than where "further time is allowed by the court upon application made within such five days." The words "such five days" clearly mean "five days after notice of the finding or decision in the cause." And no other exception to the requirement of filing a draft report within the five-day period can fairly be implied. If it had been intended to authorize an extension of time for the filing of a draft report upon application therefor made at any time before the expiration of the time fixed by rule or order for filing such a report, it would not have been difficult to express that intention in the rule. But, as already stated, no such intention is expressed or fairly to be implied. On the contrary, the language of the rule naturally interpreted negatives such an intention. See *Spaulding* v. *McConnell,* 307 Mass. 144, 146–147.

It has been indicated that the practice upon review of rulings of District Courts on reports, so far as appropriate and not inconsistent with statutes or rules, should follow by analogy the practice upon review of rulings of the Superior Court on exceptions. *Vengrow* v. *Grimes,* 274 Mass. 278, 279. *Gallagher* v. *Atkins,* 305 Mass. 261, 262–264. The defendant urges that the practice in the Superior Court with respect to extensions of time for filing bills of exceptions should be followed with respect to extensions of time for filing draft reports. But Rule 73 of the Superior Court

(1932) clearly recognizes that there may be successive extensions of the time for filing a bill of exceptions subject to the limitation that there can be no such extension of time after the time previously fixed for filing the bill of exceptions has expired. *Hack* v. *Nason,* 190 Mass. 346. *Buchannan* v. *Meisner,* 279 Mass. 457, 461–462. *Jordan Marsh Co.* v. *Barry,* 295 Mass. 210, 213. There is, however, no such recognition in Rule 29 of the Municipal Court of the City of Boston (1932), as amended, that there may be successive extensions of the time for filing a draft report upon applications made therefor after the time fixed by the rule has expired. Prior to the amendment of the rule in 1935 the rule provided that the "justice whose ruling is complained of may, however, order or consent to the filing of such draft report before the cause is so ripe for judgment." Clearly the amendment was made for the purpose of materially restricting extensions of time for filing draft reports. It is hardly to be thought that the judges of the Municipal Court of the City of Boston who adopted the amendment to the rule were not cognizant of the fact that by Rule 73 of the Superior Court (1932) the Superior Court had recognized successive extensions. It is to be assumed that the omission from the amendment to the rule of any express grant of power to allow successive extensions of the time for filing a draft report upon applications made after the five-day period has expired, or even any implied recognition of the existence of such a power, was intentional. The language of the amendment naturally interpreted shows that the practice in the Superior Court with respect to extensions of time for filing bills of exceptions was not to be followed with respect to extensions of time for filing draft reports.

The record in the present case fails to show that the application for the second extension of time was made within the five-day period fixed by Rule 29 as amended. And the defendant makes no contention that it was so made. It follows that the Appellate Division was right in ruling that the defendant's draft report was not seasonably filed and on that ground denying the petition to establish the report.

Since the petition to establish the report was denied rightly on this ground, it is unnecessary to consider whether the denial could be supported on any other ground.

*Order denying petition to establish report affirmed.*