HOWARD D. SHARPE, petitioner. November 7, 1945. Petition dismissed; and ordered further that the clerk of the Supreme Judicial Court for the Commonwealth send a copy of this rescript to the clerk of the Superior Court for the county of Middlesex, to be filed in the case of Commonwealth *v.* Howard D. Sharpe. This is a petition by the defendant in the case of Commonwealth *v.* Sharpe to establish the truth of his exceptions. According to the allegation of the petition, sworn to by the petitioner, the bill of exceptions was "dismissed." There is nothing to show that this allegation is untrue. "If, in ordering a bill of exceptions dismissed, the trial judge commits any error of law, such error 'can be brought before this court for correction either by certificate of the presiding judge stating the material facts . . . or by bill of exceptions.' *Day, petitioner*, 234 Mass. 576, 577." *Glick, petitioner*, 299 Mass. 255, 257. "Here there was no such certificate. "In the absence of such a certificate there is no basis in fact . . . for correction, in this proceeding, of error of law in dismissing the bill of exceptions . . . . If error of law was committed in dismissing this bill of exceptions, in the absence, as here, of a certificate of the presiding judge, the petitioner's remedy was through a bill of exceptions bringing that error before this court for correction. . . . Since the order dismissing the bill of exceptions filed cannot be reversed in this proceeding there is no bill of exceptions before us the truth of which can be established." *Glick, petitioner*, 299 Mass. 255, 257.

*H. D. Sharpe*, pro se.

PIUS JURAITIS, executor, *vs.* SALIOMICA ANDRIULIS. November 9, 1945. Decree affirmed with costs. The testator, having more money than he could deposit in his individual account with the respondent savings bank, after securing permission from the respondent Andriulis to use her name in opening a joint account, opened such an account. She never signed any deposit card or other instrument. She never had possession of the book during his lifetime except on the few occasions when he gave it to her to make a deposit. He never told her that she had any beneficial interest in the account. His will provided that this joint account should go into the residue of his estate. He did not intend to make her a joint owner of the account, and she did not consider she had any interest therein until after his death. The judge rightly found there was no gift of the deposit to this respondent. *Colby* v. *Callahan*, 311 Mass. 727, 729. *Thompson* v. *Thompson*, 312 Mass. 245, 247. *Ball* v. *Forbes*, 314 Mass. 200, 204.

The case was submitted on briefs.

*J. G. Bryer*, for the respondent.

*J. P. Howard*, for the petitioner.