Cox, J.
This is an action of tort to recover for damage to the automobile of the plaintiff Thomas Kerr caused by a collision with an automobile owned and operated by the defendant. The collision occurred on Quincy Avenue in the Town of Braintree on January 1,1946. The case was tried on November 19,1948, and the judge found for the plaintiff in the sum of $95.00. On the same day notice of the finding was sent by mail to counsel. On November 23,1948, the defendant filed a motion for a new trial. A hearing on the defendant’s motion for a new trial was held on January 7, 1949, by the judge who heard the case on its merits. At this hearing the defendant presented five requests for rulings of law. On February 15, 1949, the judge allowed the defendant’s requests for rulings but denied the defendant’s, motion for a new trial. Counsel were notified of the judge’s action by mail on the same day.
The following are the five requests for rulings of law filed by the defendant at the hearing on her motion for a new trial t
*65 “(1) A motion for a new trial should be granted where, after a finding for the plaintiff, it appears that the Trial Judge relied upon private knowledge, adverse to the defendant’s interests, where the trial is conducted entirely upon the testimony of witnesses with no reference to any other or earlier trial. (2) A motion for a new trial should be granted where, after a finding for the plaintiff, it appears that the Trial Judge relied upon private knowledge, adverse to the defendant’s interests, where the trial is conducted entirely, upon the testimony of witnesses with no reference to any other or earlier trial because the trial is limited to such evidence as is admitted during the course thereof and forms the only basis for a finding. (3) If the Trial Justice, while presiding at the hearing of an earlier action involving the same accident, the result in which, however, is not res judicata as to this one, heard testimony from witnesses from which it could have been found that the accident occurred at a point in the road where there is a downward grade, and used the description of the locus as therein identified as a basis for a finding that the defendant was negligent without receiving any evidence on that point, then the defendant should be granted a new trial. (4) If the Trial Judge stated to counsel in a colloquy at the bench at the conclusion of the trial, that the defendant must have been negligent because of the contour of the road at the precise point of the accident as testified to by a witness adverse to this defendant in an earlier action, and where in fact at this trial the precise point of the accident was not so described then a new trial should be granted the defendant. (5) The Court cannot properly consider its own knowledge of the locus, alluded to by a witness. Wigmore on Evidence, Third Ed., Yol. IX, § 2569, page 540, citing a IT. S. Court decision.”
The defendant, claiming to be aggrieved by the judge’s allowance of her requests for rulings but denial of her motion for a new trial, on Febi’uary 19, 1949, filed a request for a draft report and on February 24, 1949, filed a draft report. A hearing on the draft report was held on October 27, 1949, by the trial judge.
*66 At the hearing on the draft report on October 27, 1949, the judge requested the defendant’s attorney to examine the judge’s notes made at the trial and to rewrite the draft report in accordance therewith. Thereupon, the judge continued the matter to November 3,1949, the entry being “report to be filed November 3, 1949.”
Oh November 3, 1949, counsel for the defendant appeared before the judge, ex parte, and requested more time for filing a corrected draft report. It does not appear that the judge took any formal action on the request by the defendant’s counsel for further time and there is no entry on the attested copy of the docket before us to that effect.
On November 30, 1949, no corrected draft report having been filed by the defendant up to that time, the plaintiff filed a motion to dismiss the defendant’s draft report and for judgment forthwith. This motion was heard, and was argued by counsel, on December '7, 1949. At that hearing the plaintiff presented the following request for a ruling of law in support of his motion to dismiss the defendant’s draft report:
' “1. A motion to dismiss a draft report should be granted where, after the court allowed the defendant who filed the draft report one week in which to file a corrected draft report, said defendant failed to file an amended draft report until more than a month later and after the plaintiff had marked a motion to dismiss the draft report for hearing.”
Immediately following the hearing on December 7, 1949, the judge denied the plaintiff’s motion to dismiss and for judgment and ordered a corrected report to be filed by the defendant by December 14, 1949.
.The plaintiff, claiming to be aggrieved by the denial of bis request for a ruling of law. and by the denial of his motion to dismiss and for judgment, the judge reported that matter for our determination.
*67 There has also been reported to us, at the insistence of the defendant, the matters arising out of the judge’s- allowance of the defendant’s five requests for rulings of law and the denial of her motion for a new trial.
We consider first the question of law raised by the plaintiff’s motion to dismiss the defendant’s draft report and for judgment.
The judge should have allowed the plaintiff’s motion to dismiss the defendant’s draft report and for judgment. Failure to do so was error. At the hearing held on October 27, 1949, the defendant’s attorney was requested, without objection from either party, to examine the judge’s notes taken at the trial and thereupon the judge continued the matter to November 3, 1949. We consider that action of the judge as an order to the defendant’s attorney under Rule 28 of the Rules of the District Courts (1940), to prepare a copy of the report as settled at the hearing on October 27th and to submit the same for formal allowance not later than November 3, 1949. Failure on the part of the defendant to comply with that order was sufficient cause, under Rule 28, for disallowing the defendant’s claim for a report.
The defendant’s attorney did come before the judge on November 3, 1949, and requested additional time, a request that was, inferentially at least, informally granted at that time, for later the Court at the hearing on December 2,1949, undertook to grant the defendant until December 14, 1949, to present the corrected report.
We are of the opinion that under Rule 28 the judge was without authority to grant the defendant any further time beyond November 3, 1949, for filing the corrected copy of report. Provisions of the statutes and rules of court relating to appellate procedure are construed strictly. Famigletti v. Neviackas, Mass. Adv. Sh. (1949) 315. They are not *68 to be waived by the parties nor changed nor dispensed with by an individual judge. Calcagno v. P. H. Graham & Sons Co., Inc., 313 Mass. 364, 367.
Buie 28 allowed the judge at the hearing on the defendant’s draft report to fix the time within which the defendant should prepare and submit a copy of the report in settled form. The rule did not authorize the judge to make any further extension. That interpretation of the rule finds ample support in the analogous situation involved in Calcagno v. P. H. Graham & Sons Co. Inc., 313 Mass. 364. In that case, a rule of the Municipal Court of the City of Boston which provided for the filing of a draft report within five days after notice of decision unless “further time is allowed by the court upon application made within such five days,” was construed to mean that there may be only one such extension, provided the application be made before the expiration of the five days. We perceive no difference in principle between that case and the one before us.
It is not inappropriate to observe that the strict construction of appellate rules which the law requires is not defeating a meritorious case. It is claimed by the defendant that the decision was based on information relating to the grade of the highway which information the judge had acquired at an earlier trial in which all of the present parties were- not involved. The defendant’s motion for a new trial and five requests for rulings are predicated on this claim. In this connection it appears from the report that at the close of all the evidence and after final argument, the judge stated to counsel in a colloquy at the bench, that the facts of this case had been presented previously at the earlier trial and that as a result of the evidence introduced at that trial certain information relating to the contour of the highway was acquired by the judge who “wanted the matter clarified as to whether the accident happened on *69 an up or down grade.” No objection was made by either party at the time of the colloquy. No other evidence was offered by either party on this point, and it was not until after the finding that the defendant moved for a new trial on this ground. By having made no objection at the time of the colloquy, nor having offered, nor asked for an opportunity to offer, additional evidence, the defendant must be held to have waived any complaint of prejudice alleged to have arisen out of it. Lender v. London, 286 Mass. 45, 47. See also Rule 27. In any event, the defendant’s contention is not sustainable. The judge in allowing the defendant’s five requests for rulings, while at the same time denying her motion for a new trial, in effect negatived any presumption that private knowledge with reference to the grade of the highway had contributed to the decision. The action taken by the judge on the defendant’s motion for a new trial and requests for rulings is positive assurance that private knowledge played no part in the decision. There was sufficient evidence to sustain the judge’s finding no matter what the grade was. We are constrained to say that the point seems trivial. The ardor with which it is now made might more appropriately have been employed at the time of the colloquy rather than after the judge’s finding was announced.. We perceive no error in the denial of the defendant’s motion for a new trial that being a matter entrusted to the discretion of the trial judge, which, in such matters, is very broad. Bresnahan v. Proman, 312 Mass. 97,101,102.
The' report, requested by the defendant and allowed by the judge on January 15, 1950, is dismissed. The denial on December 7, 1949, of the plaintiff’s motion to dismiss the draft report and for judgment, is reversed. The plaintiff’s motion to dismiss the draft report and for judgment is allowed.