GADSBY, P. J.
This is an action of contract brought by trustee writ against the two defendants. Without going into the details of the same, it is sufficient to state that the court found for the plaintiff on April 13, 1950. The defendants filed a draft report on April 17. Since this was filed within the five day period, there was no need of any claim for report being filed. The plaintiff on April 28, filed a motion to dismiss the draft report on the following grounds:
1. The defendants did not insert the Requests for Rulings filed by the plaintiff in the case.
2. The defendants’ report does not fully and completely report the evidence in the case.
The court on May 29, allowed the plaintiff’s motion to dismiss and notice was sent to both parties. The defendants then filed a draft report to the action of the trial court in dismissing the first draft report.
The contention of the plaintiff, in substance, is that the proper procedure for the defendants after the dismissal of their first draft report was to file a petition to establish the said report, and the second draft report has no standing.
It would seem that when the court allowed the plaintiff’s motion to dismiss the first draft report, that there was then no draft report upon which a petition to establish could have been filed. The court then left no draft report on file to be established. There is a *[133] distinction to be noted between the disallowance of a draft report in which case a petition to establish must be filed and the dismissal of a draft report which leaves no report on file. This seems to be well established by the case of Calcagno v. Graham & Sons Co., Inc., 313 Mass. 364. The court at page 366 states, “The orders there in question were interpreted as orders dismissing claims for reports and draft reports. The result of such an order is that thereafter there is no draft report upon the files of the court that can be established upon a petition to establish a report. Gallagher v. Atkins, 305 Mass. 261, 262-263. Consequently the only method of reviewing such an order was upon a request for a report analogous to an exception to an order dismissing a bill of exceptions. See Day, petitioner, 234 Mass. 576, 577; Glick, petitioner, 299 Mass. 255, 257.”
Joseph P. Graham, attorney for plaintiff.
Bernard Ginsburg, attorney for defendants.
The fact that the defendants did not include in the draft report the plaintiff’s requests for rulings of law did not of itself render the draft report defective. As a matter of fact, many times the court when it makes a finding in favor of one party does not pass on the requests for rulings of that party on the theory that in substance such requests are regarded as waived.
As was said in Kravetz v. Lipofsky, 294 Mass. 80 at 85, “The petitioner’s exception to ‘the failure . . . to deny the respondent’s requests for rulings’ has no standing. He was not a party aggrieved thereby. G. L. (Ter. Ed.) c. 231, § 113.”
In Bangs v. Farr, 209 Mass. 339 at 344, the court said, “The plaintiff presented certain requests for rulings which were not passed upon, and were ultimately withdrawn. The defendant has no right to complain of this.”
The second ground of the plaintiff’s motion to dismiss was that the defendants’ report did not fully and completely report the evidence in the case. Such is not required to be done.
Upon consideration of the matter involved, we are of opinion that, in order that there be no miscarriage of justice, the order of the trial judge dismissing the first draft report should be vacated and the case be remanded to the trial judge in order that the first draft report be properly established.