*Northern District*

No. 4677

**MARIE V. BARRESI, P.P.A.**
**ANGELO BARRESI**

v.

**ROLAND BROOKS**
**HARPER GARAGE, INC.**

(December 16, 1953)

*Eno, J.* This case is before this division on a petition to establish a report filed by the defendants, and a motion to dismiss the same by the plaintiff for non-compliance with Rule 28 of District Court Rules.

According to the docket entries and the arguments of counsel, the case was tried on September 25, 1952. Although it does not appear by the docket entries, the case must have been continued to some future date, because on November 27, 1952, the defendants moved to strike out certain testimony in the case and filed requests for rulings.

The finding of the trial judge was made on January 23, 1953, copies being mailed to counsel on the same date. On January 29, 1953 the defendants filed a request for report, and on February 5, 1953 a draft report with a request for a hearing thereon.

On March 9, 1953, there was a hearing on the defendants' motion for a new trial, which was denied in open Court, and also a hearing on their draft report.

The court then ordered the defendants to file an amended draft report "by April 1, 1953." On March 31, 1953, this time was extended to April 8, 1953, on which date an amended draft report was filed.

On May 5, 1953, there was another hearing on the draft report, and the court ordered the defendants

to file a revised draft report "by May 19, 1953." This time was again extended to May 26, 1953, but the defendants filed no further report.

On May 28, 1953, the Court disallowed the claim for report "for failure to comply with Rule 28".

On June 3, 1953 the defendants filed a petition to establish a report. This petition was referred by the presiding justice to one of the justices for hearing. Both counsel appeared before this justice, and the plaintiff argued that inasmuch as the claim of report had been disallowed for failure to comply with Rule 28, the report should be dismissed. The counsel for the defendants argued that no further report was filed because they could not agree to the judge's suggestions to make one acceptable to him.

Both counsel agreed to furnish a brief on this point to the justice hearing this petition before September 8, 1953. Counsel for the plaintiff submitted a brief, but to this date none has been submitted by the defendants.

In the meantime the plaintiff filed the motion to dismiss first above mentioned. This motion was heard by two justices, counsel for both parties repeating their prior argument.

The pertinent portion of said Rule 28 is as follows:

"The Justice shall thereupon, and after a hearing if one has been requested, either settle the form of his report or disallow the claim for a report. He may order the party requesting the report to prepare a copy of the same as settled in form similar to said draft model and submit the same to him for formal allowance within such time as he may fix, and failure to comply with this order shall be sufficient ground for disallowing the claim for a report."

It is evident from an examination that the report is voluminous, summarizes the testimony of each witness, and does not "generally as fully as may be follow the model" printed with the rules. It was suggested that even the evidence is not correctly stated. It is also clear that the defendants did not

file a revised draft report on May 26, 1953, as ordered by the Court.

Counsel for the plaintiff argued that the trial judge had no right to grant more than one continuance to the defendants to file a draft report under Rule 28. *Calcagno v. P. H. Graham & Sons, Co. Inc.*, 313 Mass. 364, 369. The short answer to that argument is that no such continuance was granted. The original draft report was apparently filed on time. What the trial judge did was merely to order the defendants to file an amended or revised draft report acceptable to him. No such amended report having been filed, the trial judge disallowed the report.

There is a distinction between a *dismissal* and a *disallowance* of a report. In the case of a dismissal, a petition to establish the report is futile, *Gallagher v. Atkins*, 305 Mass. 261, 263-264; *Murray v. Edes Mfg. Co.*, 305 Mass. 311, 312; while for a disallowance such a petition is proper. District Court Rule 30.

When a party disagrees with the judge as to the contents of a draft report, he has the right after its *disallowance* to file a petition to establish one under Rule 30, which reads as follows:

"Whenever a claim of report shall be disallowed by a Justice as not conformable to the facts, or for any other cause, —— the party seeking the same may ——" file a petition to establish a report.

And when the trial justice disallows a report he "should set forth in writing succinctly the facts and reasons for such disallowance."

Having now the burden of establishing a report, it is imperative to know what evidence was actually introduced at the trial, and in order to find that out we feel that, in the interest of justice, the original draft report should be further examined by the trial judge and he should "set forth in writing succinctly":

1. The evidence contained in said report which was not introduced at the trial.

2. The material evidence which was introduced at the trial and is omitted from said report.

3. Whether or not the defendants reasonably filed their original draft report and their petition to establish a report.

4. Whether or not the facts alleged in the petition are the same as those in the original draft report. After that is done, we will be in position to establish the report in accordance with the facts.

Therefore, the plaintiff's motion to dismiss is denied without prejudice; the original draft report is to be returned to the trial judge for his action thereon in accordance with this opinion, afterwards this division will hold a hearing on the petition and establish the report in accordance with the facts.

G. Joseph Tauro, for the plaintiff.
Edmund Z. Dymza, for the defendant.