No. 453343

**ARLINGTON CORP.**

v.

**SHERBROS, INC.**

No. 454840

**SHERBROS, INC.**

v.

**ARLINGTON CORP.**

(March 28 — May 27, 1958)

*Present:* Riley, J. (Presiding), Fox, and Shamon, JJ.

Case tried to *Gillen, J.*

*Fox, J.* Each of these actions is before this Division on a petition to establish a report filed by the Arlington Corporation on each case.

Sherbros, Inc. has filed, in each case, a motion to dismiss the petition to establish the reports.

In case No. 454850, Sherbros, Inc. v. Arlington Corp., although the trial judge had disallowed the draft report on January 6, 1958, he revoked this order of disallowance on January 9, 1958. On January 10, 1958 the trial judge ordered the report dismissed. In

case No. 453343, Arlington Corp. v. Sherbros, Inc., the trial judge ordered the report dismissed on January 10, 1958.

In each case the trial judge dismissed the claim of report and the draft report for failure to comply with Rule 31 of this court.

Dismissal is the proper method to dispose of a claim of report and draft report where there has been a failure to conform with the procedural requirements of the statutes, and rules governing such claims and reports. *Calcagno v. O. H. Graham Sons, Inc.,* 313 Mass. 364.

Upon such dismissal the petitioner's remedy is upon a report of the questions of law involved in the dismissal. *Gallagher v. Atkins,* 305 Mass. 261; *Publicover v. Gordon,* 6 Mass. App. Dec. 60.

The reports having been dismissed, there are no reports upon the record and therefore there is nothing now before this Division involving questions of law in the trial on the merits, or involving the establishment of any report of them. *Gallagher v. Atkins,* 305 Mass. 261; *Murray v. Edes Mfg. Co.,* 305 Mass. 311.

The only question before us is whether the petitioner has properly brought before us the trial judge's rulings of law involved in the dismissal of the claims for report and draft report. That question must be resolved against the petitioner for the reasons stated above.

The motions to dismiss, if any action upon them is necessary, are allowed.

Petition to establish report in each case dismissed, without prejudice to the right of

the petitioner to proceed by reports respecting the propriety of the dismissal of the earlier reports.

Edward E. Cohen of Boston, for the Arlington Corp.

John E. Sherman of Boston, for Sherbros. Inc.

### EDITOR'S NOTE

The differentiation between "disallowance" and "dismissal" of the report is the same as that which applies to a bill of exceptions. See Annotations of Legalite Editorial Staff contained in Superior Court Rules, Anno., 273.