Turcotte, P.J.
Docket entries indicate that at the trial of an action that resulted in judgment against the corporate defendant, it was not represented by counsel. Judgment was entered on April 29,1984, and a draft report was timely filed. On July 5, 1985, the draft report was dismissed and on July 10, 1985 a document entitled “Petition for request for report.. . .” was filed.
We have considered the material filed as a petition to establish a report, and we deny that petition. Our Supreme Judicial Court has stated in Comfort Air Systems v. Cacoparda 370 Mass. 255, 258 (1976):
We have long recognized the difference between dismissal and disallowance of a draft report as they relate to the procedural steps necessary to preserve appellate remedies. See G. MOTTLA, CIVIL PRACTICE § 1233 (3d ed. 1962 and Supp. 1971). Compare Murray v. Edes Mfg. Co., 305 Mass. 311, 312 (1940) and Gallagher v. Atkins, 305 Mass. 261, 264 (1940) with Calcagno v. P.H. Graham and Sons Co., 313 Mass. 364, 366-367 (1943). Where a judge’s order is interpreted as dismissing a claim for report and draft report, the remedy is to file a request for a report of the dismissal in the Appellate Division since no draft report which could be established by petition is on the files of the trial court. Calcagno, supra at 366. Where the judge disallows a claim of report or draft report he should set forth in writing the reasons therefor (Calcagno, supra; Mottla, supra at § 1232), and the proper remedy is to petition the Appellate Division for establishment of a draft report.
If we were to treat the document filed as a request for a report of the dismissal, it would necessarily be dismissed. It appears that the defendant filed no request for rulings at the trial, and the report dismissed by the trial judge claims no error of law on the part of the trial judge. Requests for rulings are required to call the judge’s attention to relevant law and to create a trial record of the application of the law to the evidence so that meaningful appellate review is possible. Worcester County National Bank v. Brogna, 386 Mass. 1002 (1982).