WIND INNERSOLE AND COUNTER CO., INC. *vs.* SIMON GEILICH & others.

Plymouth. November 10, 1944. — December 1, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, & RONAN, JJ.

*Practice, Civil,* Appellate Division: report, copies of draft report. *Words,* "Shall."

A report by a judge of a District Court of his action in dismissing a draft report because of noncompliance with Rule 28 of the District Courts (1940) and an appeal from a decision by the Appellate Division dismissing the report constituted correct practice to obtain a review of the action of the trial judge.

The requirement of Rule 28 of the District Courts (1940), that a copy of a draft report "shall be delivered or mailed postpaid by the party requesting the report to the trial justice . . . before the close of the next business day after" filing of the draft report, is mandatory, and noncompliance therewith justifies dismissal of the draft report by the trial justice.

CONTRACT. Writ in the District Court of Brockton dated December 22, 1941.

The motion to dismiss described in the opinion was heard by *McLeod*, J.

*S. Yaffe*, (*E. J. Campbell* with him,) for the defendants.

*E. H. Stevens*, (*E. G. Townes* with him,) for the plaintiff.

FIELD, C.J. This action of contract was brought in a District Court. There was a finding for the plaintiff. The defendants, on January 19, 1944, filed a request for a report and, on January 24, 1944, filed a draft report. No copy of the draft report was delivered or mailed to the trial judge before February 3, 1944. The plaintiff filed a motion to dismiss the request for a report and the draft report "for non-compliance with the provisions of Rule 28 of the District Courts (1940) that 'A copy of such draft report shall be delivered or mailed postpaid by the party requesting the report to the trial justice . . . before the close of the next business day after such filing.'" The trial judge granted this motion. A report of this action was dismissed by the Appellate Division and the defendants appealed. This was the correct practice to obtain a review of the action of the trial judge in granting the motion to dismiss the request for a report and the draft report. *Gallagher* v. *Atkins*, 305 Mass. 261, 262–264. *Murray* v. *Edes Manuf. Co.* 305 Mass. 311, 312.

There was no error in granting the motion to dismiss the request for a report and the draft report. Rule 28 of the District Courts (1940) provides in part as follows: "A copy of such draft report shall be delivered or mailed postpaid by the party requesting the report to the trial justice and to the adverse party before the close of the next business day after such filing," meaning the filing of the draft report. Clearly, the provision of this rule requiring that a copy of

the draft report be delivered or mailed to the trial judge "before the close of the next business day after such filing" was not complied with. And the provision of the rule for such delivering or mailing is mandatory. The word "shall" used in the rule so imports. Neither the context of the rule nor its general purpose indicates an intention to use the word in any other sense. See *McCarty* v. *Boyden,* 275 Mass. 91, 93.

The rule clearly places delivering or mailing a copy of the draft report to the trial judge on the same footing as delivering or mailing a copy of the draft report to the adverse party. The provision for delivering or mailing a copy of the draft report to the adverse party is closely analogous to the statutory provision for giving notice of the filing of a bill of exceptions to the adverse party. G. L. (Ter. Ed.) c. 231, § 113. See also Rule 73 of the Superior Court (1932). This statutory provision has been held to be mandatory, unless compliance therewith is waived by the adverse party, and, in the absence of such waiver, noncompliance with this provision is ground for dismissing the bill of exceptions as not rightly upon the files of this court. *Day* v. *McClellan,* 236 Mass. 330, 331–332. *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133, 136. See *Gallagher* v. *Atkins,* 305 Mass. 261, 263. See also, as to the mandatory nature of the rules of the District Courts and of the Municipal Court of the City of Boston fixing the time for the filing of a draft report, Rule 28 of the District Courts (1940), Rule 29 of the Municipal Court of the City of Boston (1940), *Massachusetts Drug Co.* v. *Bencks,* 256 Mass. 535, and *Calcagno* v. *P. H. Graham & Sons Co. Inc.* 313 Mass. 364. These decisions with respect to procedural provisions analogous to the procedural provision here in question tend to support the conclusion that the mandatory language of the provision here in question is to be given mandatory effect. *Murray* v. *Edes Manuf. Co.* 305 Mass. 311, is readily distinguishable.

The defendants urge that the provision now in question should not be interpreted as mandatory since no "penalty" is provided for noncompliance therewith, that is, since there is no express provision as to the effect of such noncompliance similar to the express provisions with respect to non-

compliance with some other provisions of this rule and of other rules. See the provision in this rule providing for the filing of a draft report within a fixed time, or an extension thereof, followed by the express provision: "If no draft report is filed as above required the cause shall proceed as though no claim for report had been made." And see another provision in this rule and also provisions in Rules 29, 30. Without discussing these rules in detail, it is enough to say that there may well have been particular reasons for making these express provisions as to the effect of noncompliance, or such express provisions may have been made from greater caution. These express provisions as to the effect of noncompliance do not fairly import that, in the absence of such an express provision, a provision in a rule in mandatory language is to be given no effect. There would be no reason for providing by rule for delivering or mailing a copy of the draft report to the trial judge if such a provision was merely directory. It is not to be assumed that the rule-making body intended to make such a wholly ineffective provision in a rule. The provision here in question therefore must be interpreted as mandatory.

Since the provision of the rule for delivering or mailing a copy of the draft report to the trial judge within a fixed period is mandatory, the draft report was properly dismissed by the trial judge. And there was no error in including the request for a report in the order dismissing the draft report.

*Order of the Appellate Division affirmed.*