NUNZIANTI FAMIGLETTI *vs.* A. K. NEVIACKAS.

Norfolk. February 8, 1949. — March 8, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Practice, Civil*, Appellate Division: copies of draft report.

A draft report must be dismissed for want of compliance with Rule 28 of the District Courts (1940) where a copy of the draft report was mailed to and received by the adverse party before the original was filed in court.

CONTRACT OR TORT. Writ in the District Court of Northern Norfolk dated October 21, 1947.

The action was heard by *Baker*, J., who also heard and denied a motion to dismiss a draft report.

*C. Schwartz*, (*S. R. Hoffman* with him,) for the plaintiff.

*B. G. Sykes*, for the defendant.

LUMMUS, J. The plaintiff, Famigletti, on April 10, 1947, employed the defendant, Neviackas, as a real estate broker to sell the plaintiff's real estate in East Walpole. The defendant obtained Angelo and Carmela Puopolo, husband and wife, as customers at $9,500, which the plaintiff orally agreed to accept. A written contract of sale was drawn, and was signed under seal by the plaintiff and by Angelo Puopolo, but was not signed by Carmela Puopolo. The contract provided for the payment of part of the price by a note signed by Angelo and Carmela, secured by mortgage of the premises sold, and for a conveyance of the premises on August 28, 1947. See *Belisle* v. *Barry*, 253 Mass. 475, 478. It provided that at the delivery of the deed "full possession of the' said premises with the tenants therein is to be delivered to the party of the second part [the buyers]." Angelo Puopolo paid a deposit of $300 to Neviackas on account of the price. The plaintiff orally agreed to reduce the price to $9,400, because of the expected expense of evicting one of the tenants. Puopolo found that the eviction might cost him $500, and refused to buy.

Famigletti brought this action to recover the deposit of $300, and Neviackas claimed in set-off a commission at the agreed rate of four and one half per cent of $9,400, or $423. The judge found that the plaintiff was entitled to the deposit, and that Neviackas was not entitled to a commission. Neviackas claimed a report to the Appellate Division.

On May 14, 1948, Neviackas mailed copies of his draft report to the attorneys for Famigletti, to the court and to the judge, and the copies were received by the attorneys on May 14, 1948, and by the court and the judge on May 15, 1948. Rule 28 of the District Courts (1940) provides that the party requesting the report shall file a draft report, and

that "A copy of such draft report shall be delivered or mailed postpaid by the party requesting the report to the trial Justice and to the adverse party before the close of the next business day after such filing." The judge found that the copy of the draft report was mailed to Famigletti before the original draft report was filed in the court. Famigletti moved to dismiss the draft report on the ground that the copy of the draft report was mailed to him before the original was filed. The judge denied the motion to dismiss, and Famigletti claimed a report to the Appellate Division, which ordered the following entry: "Finding for the plaintiff for $300 ordered vacated, finding ordered for the defendant. Finding for the defendant in set-off to stand." Famigletti appealed to this court.

Provisions of statutes and rules of court regulating appellate procedure are construed strictly. With regard to exceptions, under a statute similar to Rule 28, *supra,* it is held that the exceptions must be filed first, and notice given afterwards. *Walsh* v. *Feinstein,* 274 Mass. 597. *Saunders* v. *Shoe Lace Co.* 293 Mass. 265. *LaFond* v. *Registrars of Voters of Gardner,* 296 Mass. 453. *Checkoway* v. *Cashman Brothers Co.* 305 Mass. 470. Reports in the District Courts are analogous to exceptions in the Superior Court. *Gallagher* v. *Atkins,* 305 Mass. 261. *Wind Innersole & Counter Co. Inc.* v. *Geilich,* 317 Mass. 327, 329. In our opinion the motion to dismiss should have been granted, without consideration of the merits.

*Order of Appellate Division reversed.*
*Report dismissed.*