Riley, P. J.
In this case the trial judge has made a single report at the request of both parties. The plaintiff claims to be aggrieved by the denial of the trial judge of his motion to dismiss a request for report filed by the defendant after a finding for the plaintiff. The defendant claims to be aggrieved by the allowance of a continuance by a judge before whom the case was partially tried and by the denial of certain of her requests for rulings by the reporting- judge who heard the case and by whom a finding for the plaintiff was made. It is an action of contract commenced by writ dated June 3, 1949 in which the plaintiff seeks to recover for an overcharge under the Federal Emergency Price Control Act and the Federal *156 Housing and Rent Act of 1947 as amended. The answer is a general denial, a denial under estoppel and a plea of the statute of limitations.
We first consider the denial by the trial judge of the plaintiff’s motion to dismiss the defendant’s request for report on the grounds that copies had not been mailed in accordance with Rule 28 (1940) of the Rules of the District Courts. The report recites that on Saturday, December 10, 1949 the defendant seasonably filed a draft report which was received by the Clerk of the District Court of Springfield in the morning mail at about 9:45 a. m. postmarked December 9, 1949. Copies of this draft report were received by the judge who had made the finding for the plaintiff and the attorney for the plaintiff also on December 10, 1949 in the morning mail. On Monday, December 12, 1949 the plaintiff filed in the office of the Clerk of the District Court a motion to dismiss the defendant’s draft report on the ground that copies had not been mailed in accordance with Rule 28 (1940) of the Rules of the District Courts. At about 4:45 p. m. Monday, December 12, 1949 the plaintiff’s attorney was personally served by the defendant at the plaintiff’s attorney’s office with a second copy of the defendant’s draft report. The judge that made the finding was also served with a second copy of the defendant’s draft report at his office at approximately the same time. No second draft report was ever filed with the Clerk of the District Court. At no time was any copy of the draft report delivered or mailed to the judge who had allowed the continuance. After hearing, this motion was denied by the judge who had made the finding. The rule in question provides: “A copy of such draft report shall be delivered or mailed postpaid by the party requesting the report to the trial Justice and to the adverse party before the close of the next business day after such filing.”
*157 Obviously the notice mailed by the defendant’s attorney to the trial judge and attorney for the plaintiff was not in compliance with this rule. Famigletti v. Neviackas, 324 Mass. 70. The question to be decided is whether the second copy of the defendant’s draft report personally served by the defendant on the judge who heard the case and the plaintiff’s attorney at 4:45 p. m. on Monday constituted a compliance with the rule. It is clear that Monday, December 12th was the next business day after Saturday, December 10th upon which date the draft report was seasonably filed in the clerk’s office and we think the trial judge could find that a copy of such draft report was delivered to the trial justice and to the adverse party before the close of the next business day after the filing. The plaintiff argues that the rule means the business day of the clerk’s office but we think that this is too narrow a construction of the rule. Apparently both the trial justice and the attorney for the adverse party had not concluded their business days and were in their offices at the time the copy of the draft report was personally served. Notwithstanding the decision of the court in Tanzilli v. Casassa, 324 Mass. 113 at 115, holding that where a statute required action within a certain time “after” an event, the action may be taken before that event and that such statutes have been construed as fixing the latest but not the earliest time for the taking of the action, we are bound by the decision in the case of Famigletti v. Neviackas, supra, that a copy of the draft report must be mailed or delivered after the original has been filed in court. In spite of the defendant’s ineffectual attempt to comply with this rule by mailing the first notice, we think that the personal service of copies of the draft report made as above described constituted a compliance with the rule and that there was no error on the part of the trial judge in denying the plaintiff’s motion to dismiss the defendant’s request for re *158 port. Under the circumstances in this case the failure to send a copy of the draft report to the judge who had made a mere interlocutory order did not require the allowance of the plaintiff’s motion.
We pass now to the grievances claimed by the defendant. It appears the case was first brought to trial before Judge Collins, a Special Justice of the District Court of Springfield. At that trial the plaintiff attempted to offer evidence under a Demand to Admit Facts but upon objection Judge Collins excluded this evidence on the ground that the statutory requirements had not been complied with by the plaintiff. At the request of the plaintiff the judge then allowed a continuance endorsing on the plaintiff’s Demand to Admit Facts the following: “Demand for admission of Facts excluded for failure on the part of the plaintiff to file affidavit of notice thereof. Case continued generally to permit the plaintiff to secure records of the Housing Expeditor by an Executive Order.”
The defendant objected to this continuance and filed a request for report on that issue. The defendant now argues that Judge Collins erred in that he did not allow compensation to the defendant’s attorney by reason of the delay caused by this continuance. There was no reversible error in granting this continuance as continuances with or without costs are within the discretion of the trial judge. Bules 15 and 16 of the Buies of the District Courts (1940). At the trial upon which a finding was made by the second judge, the plaintiff introduced evidence through an employee of the Housing Expeditor that the defendant had filed a rent registration certificate in 1942 showing the rent to be $25.00 per month without a garage as well as testimony by the plaintiff and his wife that they paid $33.00 per month for the tenement and garage beginning May 2, 1944. While the defendant objected to the admission of this evidence and claimed a report, it is stated in *159 the report allowed by the trial judge that the defendant filed no written request for report based upon the admission of testimony by the plaintiff and his wife and the employee of the Housing Expeditor over his objection and that the same was reported only so far as it may be material to the defendant’s request for report originally filed on the conditional continuance granted by Judge Collins at the time of the first trial, and so far as the facts herein reported involve Judge Collins, he joined in this report. The defendant argues that the evidence of the plaintiff and his wife and that of the records on file in the Housing Expeditor’s Office should have been excluded by Judge Barry at the trial before him since it was contrary to Judge Collins’ assumed order on the granting of a continuance before him. We do not think that the notation made by Judge Collins on the Demand for Admission of Facts was intended to or had the effect of restricting the plaintiff from offering any competent evidence on the issue involved. The defendant makes no contention that the evidence itself was incompetent and we think his contention that it should have been excluded because not in compliance with the order of Judge Collins cannot be sustained.
We pass now to the only request refused by the trial judge which has been argued by the defendant. It is: “On all the evidence the finding and judgment of the court should be for only such overcharge, if found due by the court, which occurred within one year of the commencement of the action.”
It appears that the plaintiff first became aware of the overcharge in January 1949 when the ceiling price was set by the Housing Expeditor. Section 205 of the Federal Rent Control as amended in 1945 provides: “Suit to recover such amount may be brought in any federal, state or territorial court of competent jurisdiction within one year after the date of such violation.”
*160 We are bound by the decision of the Supreme Court of the United States with reference to the construction of this statute of limitations. That court has said in Wood v. Stone, 333 U. S. 472 at 474, 477: “Under the system of rent control as established, a landlord is required to register rented accommodations within thirty days after they are first devoted to that use. . . . But when, as in this case, the landlord does not comply with this requirement there is likelihood that, as happened here, his transaction will be overlooked for some time or perhaps escape scrutiny entirely. But the landlord is not allowed time to profit from his own disobedience of the law. If he could keep the excess collections by thus retarding or preventing scrutiny of his contract, he would gain an advantage over all landlords who complied with the Act as well as over tenants whose necessity for shelter is too pressing to admit of bargaining over price. The plan therefore provides that, despite his failure to register, the landlord may continue to collect his unapproved price, but only on condition that it is subject to revision by the public authority and to a refund of anything then found to have been excessive. The plan of the statute and the regulations issued pursuant to it was applied in this case. The landlord failed to register the property. His rental operations escaped notice of the authorities until fortuitously disclosed. He collected as he had a right to do, but subject to readjustment, a rental fixed by himself that was found on inquiry to exceed by 66%% what was fair rental value of the property. He was ordered to refund the excess. He now contends that he can keep all of it that he collected upwards of a year before the action was commenced, upon the ground that the one-year statute of limitations runs, not from the date of his default in obeying the refund order, but from the date of each collection of rental. We cannot sustain his contention. The statute and regulations *161 made Ms rentals tentative but not unlawful. Until the contingency of readjustment occurred, the tenant could have had no cause of action for recovery of any part of the rental exacted by the landlord. The cause of action now does not rest upon, and hence cannot date from, mere collection. The duty to refund was created and measured by the refund order and was not breached until that order was disobeyed.”
It follows that there was no error in denying the request of the defendant above set out.
As there was no prejudicial error in any of the decisions of the trial judges or in the denial of the defendant’s request for ruling, the report is ordered dismissed.