*Northern District*

No. 4804

**MURRAY McNAIR, et al**

**v.**

**SHIRLEY FISHER**

(December 31, 1954)

*Brooks, J.* This is an action of tort in which the court found for defendant on July 7, 1954. Plaintiff mailed a draft report to the clerk of the trial court on July 9, 1954. On the same day a few hours later, plaintiff mailed a copy of the report to the trial justice and to counsel for defendant.

The draft report was received and filed by the clerk of court on July 10, about half past nine in the morning. Fifteen minutes later the trial justice received his copy of the report. Defendant's attorney, meanwhile, had received his copy of the report a few minutes before nine o'clock that same morning.

Defendant moved to dismiss the draft report on the ground of noncompliance with Rule 28 of the District Court Rules. A hearing on the motion was held after which, and before arguments, plaintiff filed the following Requests for Rulings:

"1. The burden of proof on the motion of the defendant to dismiss the draft report, for the causes assigned in said motion, is upon the defendant.

"2. The evidence warrants a finding that the plaintiffs' counsel complied with the requirements of Rule 28 of the Rules of the District Courts of the Commonwealth of Massachusetts (1952) in the giving of notice of the mailing of the draft report for filing.

"3-a. The evidence warrants a finding that the plaintiffs' notice to the defendant stating that the draft report had been mailed to the Clerk of the District Court for filing reached the opposing party's counsel after the actual filing of the draft report and within the time limited by Rule 28.

"3-b. The evidence warrants a finding that the plaintiffs' draft report was filed before the opposing party's counsel received a copy of the draft report.

"4. If the draft report and the notice to opposing counsel were mailed at the same time, the requirements of Rule 28 were satisfied if the draft report was delivered and filed before the notice was received by opposing counsel.

"5. The evidence warrants a finding that the plaintiffs' attorney on July 9, 1954, a Friday, mailed a copy of the plaintiffs' draft report to the trial Justice and to the adverse party; that the adverse party's attorney phoned to the Clerk's Office of the District Court on Monday, July 12, 1954, and inquired whether or when the draft report had arrived in the mail at the Clerk's Office; that the adverse party's attorney was informed that the draft report had been received in the Clerk's Office on Saturday forenoon, July 10; and that the Office of the adverse party's attorney is in Lynn."

Requests 1 & 5 granted, 2 & 4 denied on facts found, 3a & 3b denied as requests for findings of fact.

This case comes squarely within the case of *Famiglietti v. Neviackas*, 324 Mass. 70, 72, in which the court interpreted Rule 28 of the District Court Rules. Rule 28, after providing for the filing of the draft report, proceeds as follows:

"A copy of such draft report shall be delivered or mailed postpaid, by the party requesting the report, to the trial justice and to the adverse party before the close of the next business day after such filing."

As in *Famiglietti v. Neviackas*, the copy of the report was found to have been received by the opposing counsel before the report itself was filed in the Clerk's Office. Defendant's motion to dismiss the

report was properly allowed. The denial of plaintiffs' Requests for Rulings was correct since they were not based on the reported evidence and findings of the court.

Report dismissed.

Louis Albert, for the plaintiff.

Weber, Rooney & Andrews, for the defendant.