*Southern District*

No. 80704

**THOMAS F. KILROY, d/b/a**

**v.**

**EDWARD M. JOYCE**

(June 23, 1955)

*Sgarzi, J.* This is an action of contract brought by writ and declaration entered on December 10, 1949 to recover a *balance due under a written contract* to perform certain work upon property of the defendant. The answer was a general denial and an allegation that the contract was not performed according to its terms. The defendant also filed a declaration in set-off claiming damages in the sum of $900.00.

At a trial upon the merits there was a finding for the plaintiff in the sum of $453.00. The defendant, or plaintiff in set-off, filed a draft report which was never acted upon by the trial judge. Later a new trial was ordered by another justice of the Court and upon this second trial upon the merits there

was a finding for the plaintiff in the sum of $356.33 after the plaintiff was allowed to file an amended declaration.

The defendant filed a motion to correct the finding as being inconsistent with the granting of certain of his requests for rulings of law and upon denial of said motion claimed a report to this Division and filed a draft report. After hearing the trial judge filed a report which was substantially different from the draft report and this report came on to be heard by this Division.

This Division held that the case was not properly before it since the trial judge should have disallowed the draft report if it did not properly set forth the facts and the questions of law involved, leaving the defendant his right to file a petition to establish the report. The matter was thereupon remanded on November 5, 1953 for action by the trial judge in accordance with the opinion of the Division.

On November 5, 1954, one year later, the defendant's claim for report was disallowed and on November 10, 1954 the defendant filed his petition to establish the report. This Petition was referred to a single justice of this Division before whom a hearing was held on December 6, 1954, as a result of which he filed with this Division a report which he recommended for establishment. At a hearing before this Division on January 18, 1955 this report of the Single Justice was ordered established and notice of the establishment was mailed to the attorneys of record on the same day.

Rule 31 of the "Rules of the District Courts" provides that "After notice of the allowance or establishment of a report, fifteen days, exclusive of Sundays and holidays, shall be allowed the parties for filing briefs unless upon good cause shown further time is allowed by the Appellate Division. The party seeking the report *shall* also file within said fifteen days three additional copies of the report *as allowed or established*."

The defendant did on January 28, 1955 file three copies of a report. This report was captioned "Report" and purported to be signed by the Special Justice who had heard the case rather than by the justice of this Division whose report had been established. Careful reading of the report disclosed however, that it was neither the report of the trial justice nor the report as established, but appeared to be the report of the trial justice, which had been remanded by this Division, to which had been added certain material referred to in the established report. It was not, however, either in form or substance, the established report.

The copies of the report filed by the defendant on January 28, 1955 were not "copies of the report as allowed or established" referred to in Rule 31 and the defendant has therefore not complied with the provisions of this rule.

Provisions of statutes and rules of Court regulating appellate procedure are construed strictly. *Famigletti v. Neviackas*, 324 Mass. 70; *Wind Innersole & Counter Co. v. Geilich*, 317 Mass. 327.

It is said in *Murphy v. William C. Barry, Inc.*, 295 Mass. 94, 97: "Failure to take the prescribed steps to present a request for report is as fatal to the right to prosecute an appeal as failure to claim an exception at a trial is to a right to a hearing thereon before this court."

In this case we are not dealing with a request for a report but with the content of the report itself. This is more than an irregularity in procedure but places before the Division for consideration a report which is not factually correct. *Sawsik v. Ciborowski*, 256 Mass. 583; *Lasell v. Dir. of Employ. Sec.*, 325 Mass. 23.

*Since the defendant has not complied with Rule 31 the report is ordered dismissed.*

John P. Regan, for the defendant.

Melvin Newman, for the plaintiff.