*Southern District*

*Fourth District Court of Bristol*

No. 14605

## NORMAN BUILDERS, INC.

v.

## JOSEPH J. PICARD

*Welch, J.* This is an action of contract to recover $1,724 and interest for labor and material supplied by the plaintiff to the defendant for the construction of two houses. The answer is a general denial and a plea of the Statute of Frauds.

The finding of the court (*Grover, Sp. J.*) was filed in the office of the Clerk on May 12, 1955 and on the same day notice thereof was mailed to the parties.

The plaintiff, being aggrieved by the finding of the Court filed a draft report on May 20, 1955 with the Clerk.

The defendant filed a motion to dismiss the draft report, which motion was allowed on August 17, 1955 and notice was sent to the parties on the same date.

The plaintiff, being aggrieved by the dismissal of the draft report, mailed a second draft report at Pawtucket, R.I. on August 24th directed to the Clerk and at the same time mailed a copy directed to the presiding Justice, in care of the Clerk, and a copy to defendant's counsel.

The Clerk's office on August 25th received simultaneously the original of the second draft report and a copy directed to the presiding Justice. On the same day the defendant's counsel received his copy but there was no evidence as to the time of day at which he received it.

At the hearing on the second draft report counsel for the defendant moved to dismiss it on the ground that his copy was not mailed before the close of the next business day.

The Court allowed the motion and rendered the following decision: "The motion to dismiss the draft report is allowed:" At the hearing upon this motion it appeared that the plaintiff's counsel mailed the draft report at Pawtucket, R.I. on August 24th, directed to the Clerk of the Fourth District Court, Attleboro, Massachusetts and at the same time mailed a copy directed to the presiding Justice, care of the clerk, and a copy to defendant's counsel properly directed to the latter's office in Attleboro. See *Famigletti v. Neviackas,* 324 Mass. 70, 71, where 'On May 14, 1948 Neviackas mailed copies of his draft report to the attorneys for Famigletti to the Court and to the Judge and the copies were received by the attorney on May 14, 1948 and by the Court and judge on May 15th.

In the current case the court received the original on August 25th, the copy directed to the Judge, being received, directed to him in care of the clerk, simultaneously. Whether the copy directed to the counsel for the defendant was actually received before or after the original was received by the Clerk is conjectural. However, it was mailed before the original was filed and that was the ground for dismissal in the Famigletti case (Page 72)."

The plaintiff claims to be aggrieved by the court's ruling:

"Whether the copy directed to counsel for the defendant was actually received before or after the original was received by the Clerk is conjectural. However, it was mailed before the original was filed and that was the ground for the motion to dismiss in the Famigletti case (Page 72.)"

The judge reported the same to the Appellate

Division and states that the report contains all the evidence material to the question reported.

We think there was no error.

District Court rule 28 provides that the party requesting a report shall file a draft report and that a copy of such draft report shall be delivered or mailed postpaid by the party requesting the report to the trial Justice and to the adverse party before the close of the next business day after such filing.

The rule requires that the draft report be filed and a copy delivered to the trial judge and the adverse party after such filing.

We think the case of *Famigletti v. Neviackas*, 324 Mass. 70 @ 72 is in point. The Court in that case said "Provisions of statutes and rules of court regulating appellate procedure are construed strictly. With regard to exceptions, under a statute similar to Rule 28, it is held that the exceptions must be filed first and notice given afterwards. ——Reports in the District Courts are analogous to exceptions in the Superior Court."

In the case at bar, the draft report was not filed prior to the delivery of a copy to the trial justice and the adverse party.

The report is dismissed.

James Cardono, for the plaintiff.

Ernest Rotenberg, for the defendant.