*Southern Division*

**RONALD KLEIN**

v.

**REBECCA CHAPMAN**

*Present:* Nash, P. J., Cox and Callan, JJ.

Case tried to *Murphy, J.,* in the Third District Court of Bristol. No. 7241.

*Cox, J.* In this action of tort to recover damages for personal injuries, there was a finding for the defendant on April 9, 1959, of which the plaintiff received written notice on April 11. On April 14, the plaintiff filed with the clerk a written request for a report. He later filed a draft report.

There was a hearing on the draft report on June 4, at which the defendant was granted permission to file an amended motion to dismiss the plaintiff's request for a report. Such an amended motion was filed on June 6 to dismiss the plaintiff's request for a report because notice of its filing was not delivered or mailed by the plaintiff *to the defendant* on the date of the filing. The motion cites Rules 3 and 10 of the District Courts (1952) as applicable. The judge allowed the defendant's motion.

The plaintiff claiming to be aggrieved by the allowance of the defendant's motion to dismiss plaintiff's request for a report, the judge reported the matter for our determination.

The only question presented for decision is whether the plaintiff was required to give notice to the defendant of the filing of his *request for a report.* In our opinion, no such notice is required and Rules 3 and 10 have no application. Those rules, which are noted in the margin, do not apply to Appellate procedure.

The applicable rule is Rule 27 which, so far as material, provides that a request for a report shall be filed with the clerk within five days after notice of the finding or decision. The plaintiff received notice of the judge's finding for the defendant on April 11 and within five days, to wit, on April 14, filed a written request for a report. This was his right, was a compliance with Rule 27 and was necessary for the plaintiff to protect his appellate rights. The later filing of a draft report by the plaintiff would be ". . . dependent for its validity upon the precedent filing for a request for a report." *Conway v. Murphy,* 287 Mass. 536; *Barton v. Cambridge,* 318 Mass. 420; G. L. (Ter. Ed.) c. 231, §108. Rule 27 of the District Courts (1952).

There is no provision of law or rule of court which requires the giving of notice to the adverse party of the filing of a request for a report. A request for a report, as to the filing of which there is no provision for notice to the adverse party, is not to be confused with the notice required of the filing of a draft report. Rule 28. *Famigletti v. Neviackas,* 324 Mass. 70. This situation is similar to that

provided for in Rule 72 of the Superior Court (1954) requiring exceptions to any opinion, ruling, direction or judgment made in the absence of counsel to be taken by a writing filed with the clerk within three days after receipt by the clerk of notice thereof. There is no provision for notice to the adverse party of the filing of such an exception. "Reports in the District Court are analagous to exceptions in the Superior Court." *Famigletti v. Neviackas,* 324 Mass. 70, 72 and cases there cited.

The notice of the filing of his request for a report which the plaintiff mailed to the defendant on April 17 has no legal significance and can only be regarded as an act of courtesy.

As there has been prejudicial error in the dismissal of the plaintiff's request for a report, which the plaintiff filed on April 14, 1959, an order should be entered reversing the ruling allowing the defendant's motion to dismiss the plaintiff's request for a report and denying the motion.

*"Rule 3. Giving of Notice.*

"A notice to a party required by or given in pursuance of these rules, or any statute relative to procedure not requiring a different notice, shall be in writing, and, except as otherwise permitted by Rule 8, shall be given to such party or his attorney or any of his attorneys by delivering the same personally to him or by mailing the same, postage prepaid, to him at his business address or the address entered under Rule 8.

"A certificate of the person giving the notice shall be evidence thereof.

"This rule shall not apply to original process or notice to bring a party before the court."

*"Rule 10. Copies to Adverse Parties.*

"When any pleading or motion is filed after the declaration, or when any bill of particulars, or specifications, or answers to interrogatories are filed, a copy thereof shall be given not later than the day of filing to the adverse parties in the manner provided for notices by Rule 3.

"In case of failure to comply with this rule, the court may entertain a motion to strike such paper from the files, and allow or deny it and may in either case impose terms against the party at fault.

"Notice of the removal of an action from a District Court to the Superior Court shall be given forthwith to the adverse party by the clerk."

Milton D. Klein, of Boston, for the Plaintiff.