*Southern District*

**FULLER ELECTRIC, INC.**

v.

**GEORGE MICHAEL CRESSATY**

*Present:* Nash, P. J., Cox and Callan, J.

Case tried to *Murphy, J.* in the First District Court of Barnstable. No. 16,808.

*Callan, J.* The only issue in this case is whether there was error because of the failure of the Clerk of Court to give the defendant

written notice of the judge's allowance of the plaintiff's motion to dismiss the defendant's request for a report and draft report.

The facts surrounding this issue are as follows. After a hearing on the merits and a finding for the plaintiff, the defendant duly filed a request for a report on January 9, 1960 and a draft report on January 13, 1960. No copy of the draft report was furnished to the judge as required by Rule 28 of the District Court Rules, (1952). Upon the subsequent filing by the plaintiff of a motion to dismiss the request for a report and the draft report, the judge at a hearing on January 27, 1960 allowed the motion *in open court and so informed counsel* for both parties. The defendant did not receive any further notice from the court. Later, on March 14, 1960, the defendant filed a motion for "revocation of findings" and a motion to "quash the judgment and execution." Both motions were denied and to this action the defendant filed on April 8th a request for a report and on April 13th a draft report.

There was no error. As to the motions to revoke the findings and to quash judgment and execution, these were not argued by the defendant and are deemed as waived.

 As to the plaintiff's motion to dismiss the draft report, the judge correctly allowed the same. Rule 28 of the District Court Rules is mandatory in that a copy of the draft report shall be delivered or mailed postpaid by the party requesting the report to the trial

justice before the close of the next business day after such filing. *Wind Innersole and Counter Co. v. Geilech,* 317 Mass. 327, 329; *Barton v. Cambridge,* 318 Mass. 420, 421; *Famigletti v. Neviackis,* 324 Mass. 70.

██ The defendant contends there was error because the Clerk failed to notify him in writing of the judge's action on the plaintiff's motion. If there were any error, as the defendant contends, he should have requested a report on the judge's action of the motion to dismiss as is required by the Court Rules. This he did not do. After such dismissal the remedy of the aggrieved party, as in the bill of exceptions, is by obtaining a report of the question of law involved in this dismissal. *Gallagher v. Atkins,* 305 Mass. 261. G. L. c. 231, §108 provides that

> "Any party aggrieved by any ruling on a matter of law by a single justice may, as of right, have the ruling reported for determination by the appellate division when the cause is otherwise ripe for judgment, or sooner by consent of the justice hearing the same. The request for such a report shall be filed with the Clerk within five days after notice of the finding or decision".

██ The defendant was apprised of the judge's action in open court. This was sufficient notice. No further notice was required. G. L. c. 218, §46 provides,

> "When judgment is entered by a District Court upon demurrer, or upon a case stated, or when a decision is rendered in an action, *except in open court,* the clerk of the court shall forthwith give

notice thereof to the parties or to their attorneys". The word "decision" as used in this section is broad enough to include a judge's action on a motion. As was stated in the case of *Sweeney v. Morey and Co., Inc.,* 279 Mass. 495, at 503:

> "Although in that section the word 'decision' is used, it is a word sufficiently broad in import to comprehend 'finding' and includes the result reached by a judge in the consideration of a case".

By the allowance of the motion to dismiss the original draft report, and our determination that there is no error, there is no reason for us to consider any other error alleged by the defendant in his original draft report. Having been dismissed, the original report is no longer on the file of the court. *Gallagher v. Atkins,* Supra. The matters contained in that report have no standing so far as this report is concerned.

*The report is ordered dismissed.*

Philip M. Boudreau of Hyannis, for the Plaintiff.
Norman B. Silk of Boston, for the Defendant.