*Southern Division*

## JOSEPH G. COLLINS d-b-a
## COLLINS EQUIPMENT COMPANY
### v.
## THE AETNA CASUALTY & SURETY CO.

*Present:* Nash, P. J., Cox and Callan, JJ.

Case tried to *Kupka, J.,* in the District Court of Brockton, No. 20370.

*Cox, J.* The question in this case is procedural.

The action was tried on June 1, 1960. On June 2 the defendant's attorney received notice of the judge's finding for the plaintiff and the action taken on the defendant's requests for rulings, two of which were allowed and eight denied. Claiming to be aggrieved by the judge's finding and rulings, the defendant on June 7 filed with the clerk a draft report. The draft report having been filed within five days after notice of the judge's finding is deemed to include a request for a report. Rule 27 of the District Courts (1952).

In the report it appears that the defendant's attorney states that he mailed, postpaid, on June 8, a copy of the draft report to plaintiff's counsel, Mr. Asack, and a copy to the judge. On the same day a letter was mailed to the clerk requesting a hearing on the draft report.

The plaintiff's attorney received the copy of the draft report on June 9. The clerk also received the request for a hearing on June 9. On June 9, the judge, not having received a copy of the draft report, dismissed the defendant's draft report in the following terms:

> "In the above entitled action the defendant's Draft Report is hereby dismissed for non compliance with Rule 28 of the District Courts: Memorandum, The defendant has failed to comply with this rule in that the Draft Report was filed with the Clerk of Courts on June 7, 1960 and as of this date (June 9, 1960) the trial Justice has not received

a copy of said Draft Report as required by said Rule 28., Anthony Kupka, Justice."

The defendant claiming to be aggrieved by the dismissal of its draft report, the judge reported "the same to the appellate division to determine whether or not the defendant complied with Rule 28 in that he states he mailed the draft report to the trial Justice on June 8, 1960, although same was not received by the Trial Justice."

It is to be noted that the judge made and reported no finding on the question whether or not counsel for the defendant had in fact mailed the copy of the draft report to the judge on June 8. The judge reports only that he had not received the copy up to the time on June 9 when he dismissed the report.

Rule 28 of the District Courts (1952) requires that a copy of the draft report shall be delivered or mailed postpaid by the party requesting the report to the trial justice and to the adverse party before the close of the next business day after the filing of the draft report. The provisions for delivering or mailing a copy of the draft report to the judge and the adverse party before the close of the next business day is mandatory and failure to do so is ground for dismissal of the draft report. *Wind Innersole & Counter Co. v. Geilich,* 317 Mass. 327. Rules of Court regulating appellate procedure are to be construed strictly. *Famigletti v. Neviackas,* 324 Mass. 70, 72. However, the defendant clearly had a

right under Rule 28 to elect to use the mails to send copies of the draft report to the judge and to the adverse party before the close of business on June 8, the draft report having been filed with the clerk on June 7. The rule does not place upon the defendant the unreasonable burden of insuring delivery by mail. This, however, is the ground upon which the judge rested his dismissal of the draft report. He does not find that a copy was not mailed postpaid to him. He reports that he did not receive a copy. "The mailing, postage prepaid (See *Eveland v. Lawson,* 240 Mass. 99, 103), of a properly addressed letter is *prima facie* evidence of its receipt by the addressee, and when there is evidence that it was not received the question becomes one of fact. (cases cited)." *Anderson v. Billerica,* 309 Mass. 516, 518.

In our opinion the order of June 9 dismissing the defendant's draft report was erroneous and must be vacated.