*Southern District*

## VERMETTE LUMBER, INC.

### v.

## BRUNO P. BAIOCCHI, MARY E. BAIOCCHI, AND WINSTON CHASE

*Present*: Nash, P. J., Cox & Murphy, JJ.
   Case tried to *Driscoll, J.* in the Second District Court of Bristol. No. 19813.

*Murphy, J.* This is an action of contract to

recover $1,466.52 on an account annexed for goods sold and delivered. The defendant's answer is a general denial with other defenses also alleged.

There was a general finding for the plaintiff on February 13, 1963.

A motion for a new trial was filed on *February* 15, 1963, alleging grounds which could have been and were raised at the trial. The defendant did not file any requests for rulings.

After the denial of this motion for a new trial on *March* 6, 1963, the defendant filed a request for a report on *March* 11, 1963; and on *March* 20, 1963, a draft report was filed.

The plaintiff filed a motion for dismissal of the claim for report and for entry of judgment for the reason that the defendant failed to comply with the rules of the District Court relative to the filing of the draft report and after the hearing on *March* 26, 1963, the judge, on *April* 17, 1963, allowed the plaintiff's motion to dismiss. On *April* 22, 1963, the defendant filed a request for a report; and on *April* 29, 1963, a draft report on the propriety of dismissing the draft report.

Rule 28 of the District Court rules, 1952, reads as follows:

"The party requesting a report shall file a draft thereof within ten days after notice of *finding or decision in the case,* provided the case be ripe for judgment, except for the pendency of requests for rulings and requests for a report or a motion for

a new trial. Otherwise, within ten days after, the case becomes ripe for judgment."

We think the judge was right and the defendant had lost his appellate rights by his failure to comply with Rule 27 and 28 of the Rules of the District Courts (1952). *Wind Innersole v. Geilich,* 317 Mass. 324.

The defendant strongly contends that the mere filing of his request for a report on March 11, 1963, after the denial of his motion for new trial, was sufficient to preserve his rights on appeal and cites *Barton v. Cambridge,* 318 Mass. 420 as authority for this proposition. We think it might be well to comment on this point.

In the *Barton* case, the defendant originally filed a request for a report (Rule 27) and a draft report as required (Rule 28). In the instant case, the defendant did file a request for a report (Rule 27) but did not file a draft report (Rule 28). But, assuming that the defendant in this case had complied with Rule 28 and that the matter is properly before us, there is no merit to his contention.

Ordinarily, the question of the correctness of a general finding or decision cannot be raised by an exception or claim of report except in those cases where subsidiary facts are admitted, stipulated, or found sufficient to demonstrate whether the ultimate finding was arrived at by the application of correct principles of law. That is not the case here. *Stowell v. H. P. Hood & Sons, Inc.,* 288 Mass. 555; *Leshefsky v. American*

*Employers' Insurance Co.,* 293 Mass. 164; *Holton v. American Pastry Products,* 274 Mass. 268; *Forbes v. Gordon Gerber,* 298 Mass. 91; *Federal Nat. Bank v. O'Connell,* 305 Mass. 565.

Further assuming that the defendant complied with the rules and that there is merit to his contention that his rights were saved by the mere filing of the request for a report after the denial of his motion for a new trial, the motion contained grounds which could have been and were raised at the trial according to the record before us.

■ Ordinarily, a motion for a new trial is addressed to the sound discretion of the judge and is not subject to review unless it shows abuse of discretion or error of law. *Nicoli v. Berglund,* 293 Mass. 426. There is nothing in the record before us to indicate any abuse of discretion and nothing showing any mistake of law or alleging any newly discovered evidence. G. L. c. 231, §129, as amended. *Haines Corp. v. Winthrop Square Cafe,* 335 Mass. 152.

■ Questions of law which were or could have been raised at the trial cannot be raised as of right on a motion for a new trial. *Energy Electric Company v. Petitioner,* 262 Mass. 534.

If the defendant had cause to complain during the trial, he should have raised those points by appropriate requests for rulings. This he did not do, and such matters cannot

be now raised as of right on a motion for a new trial.

Since we find no prejudicial error, the report should be dismissed and the order of the judge, allowing the plaintiff's motion to dismiss and for entry of judgment affirmed.

William E. White, of Fall River, for the Plaintiff.

Manuel M. Rezendes, of Fall River, for Defendants Baiocchis.