*Northern District*

No. 6032
**HENRY H. SACCA**
v.
**SIDNEY FREEDMAN**
**AND**
**DAVID CAB, INC.**

*Present*: Brooks, P. J., Eno & Yesley, JJ.

Case tried to *Parker, J.* in the Third District Court of Eastern Middlesex. No. 928 of 1962.

*Yesley, J.* This is an action of tort in eight counts for personal injuries alleged to have been caused to the plaintiff while on land owned by him or his father, as a result of being struck on June 23, 1961 by a motor vehicle owned by defendant, David Cab, Inc., which came onto the said land from the adjacent land owned by defendant Freedman. Count 1 alleged that defendant Freedman operated the motor vehicle negligently; Count 2 that he operated it in a wanton and reckless manner; Count 5 that he was negligent in causing or permitting the motor vehicle to enter plaintiff's land and strike him; Count 6 that he trespassed on the plaintiff's property by means of the motor vehicle; Count 7 that he introduced a defective motor vehicle onto the plaintiff's land; and Count 8 that the escape of the motor vehicle from the defendant's land to the plaintiff's constituted a nuisance. The draft report (No. 1) is silent as to the allegations of Counts 3 and 4. The docket discloses they were counts against the corporate defendant.

The defendants answered general denial and contributory negligence.

The case was tried on August 8, 1963 and on August 28, 1963. A finding was made for the defendants on all counts. Notice of the finding, with a copy thereof, was mailed by the Clerk's Office on [Thursday] *August 28, 1963*, to the plaintiff's attorneys. On the following [Thursday] *September 5, 1963*, the plaintiff filed a draft report (No. 1) with the Clerk's Office, "[seeking] to raise questions of law raised by the denial of certain of the plaintiff's requests for rulings of law". On *October 18, 1963*, the plaintiff's attorney mailed a copy of the draft report to the trial justice. Examination of the docket failed to disclose that any request for a report was filed by the plaintiff.

On *November 12, 1963*, defendant Freedman filed a "Motion to Dismiss and Strike the Proposed Draft Report from the Record". A similar motion was filed by the defendant David Cab, Inc., on *November 15, 1963*, on which date a hearing was held on the draft report (No. 1) and the aforesaid motions to strike. On *November 21, 1963*, the trial justice filed a "Disallowance of Plaintiff's Draft Report".

On *December 3, 1963*, the plaintiff filed a "Motion to Strike the Opinion and Finding of the [trial justice] disallowing the Plaintiff's Claim for a Draft Report". This motion was denied by the trial justice on *December 17, 1963*. The plaintiff on December 24, 1963,

filed a motion for a re-hearing of his afore-said motion to strike. The motion was again denied after re-hearing on February 5, 1964. On December 24, 1963, the plaintiff also filed a motion for additional time to file a draft report (No. 2), and pursuant thereto, the time for filing such draft report was extended to February 21, 1964. On *February* 14, 1964, the plaintiff filed a draft report (No. 2), without previously having filed a request for such report. He claimed to be aggrieved "by the court's opinion disallowing his draft report (No. 1) on the ground that said opinion does not conform with the District Court Rules and specifically Rules 28 and 30. . . . . "

A hearing on the draft report (No. 2) was held on March 13, 1964, and by order filed on March 18, 1964, the court ordered the report (No. 2) dismissed as to both defend-ants on the ground that no copy thereof had been sent to the defendant Freedman. The court on April 23, 1964 amended this order by dismissing the report (No. 2) as to the defendant, Freedman, alone. The report (No. 2) was subsequently allowed as against David Cab, Inc.

The plaintiff having deceased, the Execu-tors of his will were substituted as party plaintiff on June 29, 1964.

Turning first to draft report No. 1, it is clear that the plaintiff failed to comply with the Rules of the District Courts (1952) in at least two respects; first, the plaintiff

failed to file a written request for a report to the Appellate Division as required by Rule 27, and secondly, the plaintiff failed to deliver or mail postpaid a copy of such draft report to the trial justice before the close of the next business day after such filing, as required by * Rule 28, no copy thereof having been sent to the trial justice until October 18, 1963, some forty-three days after the filing of the draft report on September 5, 1963. The requirements of these rules are mandatory and failure to comply therewith called for dismissal of the draft report (No. 1). *Wind Innersole and Counter Co., Inc. v. Geilich,* 317 Mass. 327, 329. See also, *Gallagher v. Atkins,* 305 Mass. 261.

■ While the trial justice termed his action on the draft report (No. 1) a "Disallowance", it should be viewed as what it patently purported to be, namely, a ** Dismissal. See plaintiff's brief (p. 4) wherein it is stated that: "it may be that the Justice's opinion had the legal effect of a dismissal and should be judged accordingly to the practice as to dismissals". Viewing the trial justice's action as a dismissal, the proper procedure

---

* In Rule 28 of the new Rules of the District Courts (effective January 1, 1965) rigid requirements as to the sequence of filing and sending of copies have been removed, but the Rule still requires the copies to be delivered or mailed "forthwith".

** Rule 28 (1964) of the new Rules of the District Courts now specifically refers to a dismissal as being the appropriate procedure in cases such as this.

for the plaintiff to protect his rights was to request a report of such action. *Gallagher v. Atkins,* 305 Mass. 261, 264; *Wind Innersole and Counter Co., Inc. v. Geilich,* 317 Mass. 327, 328. However, the plaintiff failed to file a request for a report of this action. Instead, he made a motion to strike the trial justice's "Disallowance of the Draft Report" and followed a course of appeal from the denial of that motion. This course, too, was pursued in disregard of the Rules in that the plaintiff again failed to file a request for a report.

However, a draft report (No. 2) was eventually filed and allowed by the trial justice with respect to the action against the corporate defendant, after dismissing it insofar as the individual defendant was concerned for failure to send a copy to his counsel as required by Rule 28.

We treat the report (No. 2) as being a voluntary report of the trial justice raising the propriety of his action in "disallowing" draft report No. 1. See G. L. c. 231, §108; *La Caisse Populaire Credit Union v. Cross,* 293 Mass. 190, 192.

We have stated, supra, that the action of the trial justice if deemed a "dismissal" of report No. 1 was proper.

If the plaintiff contends that he was disadvantaged by the trial justice's use of the word "disallowance" in titling his action disposing of the plaintiff's draft report, the short answer would be that the plaintiff also

failed to comply with the procedure prescribed by the rules for protecting a party's rights in the event of a "disallowance" of his draft report. Under Rule 30 it provided that "Whenever a claim of report shall be disallowed by a justice . . . for any . . . cause . . . the party seeking the same may within five days after the notice of such disallowance . . . file with the clerk his petition verified by affidavit . . . setting forth in full his claim for such report . . . No party shall be allowed to establish the truth of any such allegations if he has failed to comply with the requirements herein prescribed". The plaintiff made no effort to comply with these requirements.

Finally, to meet head-on the plaintiff's grievance stated in the report (No. 2) that ("the court's opinion disallowing his Draft Report No. 1) . . . . does not conform with the District Court Rules and specifically Rules 28 and 30 thereof which require a succinct statement of facts and reasons in the disallowance of a Draft Report", the simple answer is that the trial justice did clearly set forth the facts and reasons for "disallowing" draft report (No. 1) in a lengthy, written statement attached to report No. 2. While the justice did not use the words "for these reasons", it is clear from his statement and the authorities cited in support of his action that the ground therefor was the plaintiff's several failures above-described to comply with the Rules. *There being no error, the report is dismissed.*

Sherman Rogan, of ―――――, for the Plaintiff.
Leo M. Lazo, of ―――――, for the Defendants.