*Northern District*

## THOMAS Y. CROWELL COMPANY,

### v.

## MARVIN SHAPIRO, ADMINISTRATOR

Argued: Oct. 1, 1969 - Decided: April 15, 1970.

*Present:* Brooks, P.J., Parker, Owen, J.J.

*Owen, J.* After trial in *this action of contract* the court found for the defendant. On April 14, 1969, which was the fifth day after receiving notice of the finding of the court, the plaintiff's attorney hand delivered to the clerk's office his claim of report to the Appellate Division, with separate copies addressed to the trial justice and the clerk's office, and mailed a copy of said claim to counsel for the defendant. On April 18, 1969, plaintiff's attorney hand delivered to the clerk's office a copy of his draft report addressed to the trial justice; a copy of said report was mailed that day to counsel for the defendant; no copy of the draft report was filed with the clerk at any time. After hear-

ing on May 7, 1969 the court issued the following order "In the above entitled case plaintiff's claim of Report is dismissed for the reason that no draft report has been filed with the clerk as required by the first paragraph of Rule 28. I rule that filing of original draft report with me and providing a copy to the other party does not constitute compliance with said Rule 28."

The plaintiff claiming to be aggrieved by dismissal of his draft report the court reported the same to the Appellate Division for determination.

The report states that it contains all the evidence material to the question reported.

There is no error on the part of the court. Rule 28 provides in part that "the party requesting a report shall file a draft thereof within ten days after notice of the finding or decision." In the case in question no draft report was filed and failure to do so is fatal to the plaintiff's appeal.

It is well settled in this Commonwealth that rules of court governing appellate procedure are mandatory, are strictly construed and cannot be waived by the Court. Rules 2 and 28 of the District Courts (1965). *Wind Innersole & Counter Co.* v. *Geilich,* 317 Mass. 327. *Famigletti* v. *Neviackas,* 324 Mass. 70. *Middlesex County Bank* v. *Cole,* 18 Mass. App. Dec. 166. *Dias* v. *Fairhaven Institution,* 22 Mass. App. Dec. 116. *Vermette Lumber* v. *Baiocchi,* 27 Mass. App. Dec. 53. *Sacca* v. *Freedman,* 31 Mass. App. Dec. 150.

*It is ordered that the report be dismissed.*

PAUL D. PEARSON
  for the plaintiff.
IRA A. NAGEL
  for the defendant.