CAPE COD BANK & TRUST CO.
vs.
Paul E. AFFLECK, et al[1]

Case No. 256

District Court Department
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

January 7, 1981

J. Douglas Murphy for the plaintiff.
Edward E. Veara for the defendants.

Present: Lee, P.J., Rider, J. and Staff, J.

---

[1] The defendant-appellants are Constance L. LeTendre and Yvon J. LeTendre. The remaining defendants, Paul E. Affleck and Yvette D. Affleck, have not joined in the appeal.

## OPINION

**RIDER, J.** This is the request of the defendants (LeTendres) for a report, and report, of the order of the trial judge dismissing their draft report. It arises out of an action of contract in which the plaintiff seeks to recover from the four defendants based upon their execution of a document entitled "Blanket Guaranty With Limit of Liability", whereby the four defendants are alleged to have guaranteed all debts of a corporation, Residential Rehabilitation Centers, Inc., to the plaintiff. It is further alleged that upon the default of said corporation the defendants became liable to the plaintiff on the aforementioned guaranty.

The first three days of trial were conducted by an assigned judge at the First District Court of Barnstable, where the action was brought. The fourth, and final, day of trial was held at the Second District Court of Barnstable, where the trial judge is the First Judge. The court's finding, rulings and order for judgment for the plaintiff were filed in the First District Court of Barnstable on May 23, 1979, and judgment for the plaintiff entered that day.

On May 31, 1979, the defendants filed a motion for a new trial or to amend findings and judgment. This motion was denied on June 27, 1979, except that the judge amended certain findings concerning damage amounts without the introduction of any new evidence, based upon a recalculation of the amounts alleged to be due according to the evidence introduced at trial. On July 5, 1979, all four defendants joined in filing Defendants' Ex Parte Motion To Extend Time To File Request For Report and Draft Report. This motion was allowed ex parte by the court and extended the date for the filing of the draft report until July 19, 1979.

On July 19, 1979, a draft report was filed (by the LeTendres only) with the clerk of the First District Court of Barnstable County. The attorney for the plaintiff, claiming not to have received a copy of the draft report, filed a motion to dismiss draft report and or request for report on July 31, 1979. At the same time the plaintiff's attorney filed a motion for hearing on draft report under Rule 64(c)(4).

A hearing on plaintiff's motion to dismiss draft report and or request for report was held on October 5, 1979, at the Second District Court of Barnstable. At the time of this hearing, the trial judge had before him the complete papers of the case including the draft report previously filed on July 19, 1979. The case file was transmitted to him by the clerk of the First District Court of Barnstable, upon the judge's request, for the purpose of hearing and disposing of the motion to dismiss draft report and/or request for report. Evidence was introduced under oath, and a copy of a covering letter dated July 19, 1979 and addressed to plaintiff's attorney was admitted. This letter purported to show that a copy of the defendants' draft report was mailed postage prepaid to plaintiff's counsel on said date.

On October 31, 1979, the trial judge filed with the First District Court of Barnstable County a memorandum and order on motion to dismiss draft report and/or request for report, dismissing defendants' draft report. The memorandum and order reads as follows:

"Herewith is a chronology of dates and events deemed pertinent for the purpose of crystallizing the procedural foundation for the rulings of law implicit in this order:

1. Judgment was entered on May 23, 1979 awarding damages, fees and costs to the plaintiff. Notice of judgment was sent by the clerk-magistrate to counsel of record.

2. The defendants filed a motion for new trial or to amend findings and judgment on May 30, 1979. Rule 59(a) and (e); Rule 52(b), Dist./Mun. Cts. R. Civ. P.

3. After hearing, the court entered an order denying defendants' motion for new trial and allowing, in part, the motion to amend findings and judgment on June 27, 1979.

4. On July 3, 1979, the court allowed ex parte defendants' motion to extend time for filing request for report and draft report. The report and/or draft report was ordered to be filed not later than July 19, 1979.

5. On July 19, 1979, the defendant filed with the clerk of the trial court a single draft report. No additional copy was filed for the trial judge. The trial judge did not receive a

copy of the draft report, nor was one forwarded to him. Counsel for the plaintiff denies receipt of a copy of the draft report although defendant's counsel's secretary, upon oath, asserts that she forwarded one to counsel for plaintiff by mail, on July 19, 1979 by mailing postage prepaid. The cover letter that accompanied the draft report filed in the clerk's office contained the following language:

> 'Omer Chartrand, Clerk
> First District Court
> Barnstable, Ma. 02630
> July 19, 1979
> CCB&T v. Affleck, et al
> No. 10654

Dear Mr. Chartrand:

> Enclosed with this letter, delivered in hand on today's date, is a document entitled Defendant's Draft Report. Please file the same. Thank you.
> Cordially,
> /s/ Edward E. Veara'

No certificate of service was filed in connection therewith.

6. On July 30, 1979, the attorney for the plaintiff became aware for the first time that a draft report had been filed when he requested an execution from the clerk's office.

7. On July 31, 1979, the attorney for the plaintiff filed a motion to dismiss request for report and/or draft report for failure to comply with Rule 65(c)(3) Dist./Mun. Cts. R. Civ. P.

I find and rule that the provisions of Rule 64(c)(3) have not been complied with by the defendant-appellant, for the reasons that (1) the trial judge was never given a copy of the draft report, (2) the defendant failed to file with the clerk of the trial court a copy directed to the trial judge, (3) the defendant appellant failed to file a certificate of service indicating what steps he took to comply with Rule 64(c)(3). See Rule 5(d), Dist./Mun. Cts. R. Civ. P.

I do not find it necessary to resolve the fact question whether or not a copy of the draft report was served upon the attorney for the plaintiff-appellee. Rules of Court relating to perfecting appeals in District Court civil cases have long been held to have the force of law and that strict compliance therewith is mandated, under penalty of forfeiture of the right of appeal. **Famigletti v. Neviackas**, 324 Mass. 70, 72 (1949). Although the harsh result of **Famigletti** case, **supra**, ameliorated somewhat by a change in the rules so as to negate the effect of dismissal resulting from failure to do the required acts in the precise sequence delineated, the philosophy of **strictissimi juris** in those areas not affected by the rule change still pertains: **Sacca v. Freedman**, 31 Mass. App. Dec. 150, 153-154. As recently as October 22, 1979, the principle that failure to submit a copy of the report to the trial judge was deemed a procedural defect of sufficient magnitude as to require dismissing a petition to establish a draft report. See **Blake v. Scavey** ____ Mass. App. Dec. ____, (Reported in 8 M.L.W. 141, 149); **Thomas Y. Crowell Co. v. Shapiro, Adm.**, 44 Mass. App. Dec. 85, 86 (1970); **Fuller Electric v. Cressaty**, 20 Mass. App. Dec. 168, 169-170 (1964).

In short, this case is governed by the principles enunciated in **Wind Innersole & Counter Co. v. Geilich**, 317 Mass. 327, 329 (1944),* which compels the conclusion that the motion to dismiss request for report and/or draft report, be, and hereby is, allowed.

SO ORDERED.
/s/ Robert A. Welsh, Jr.
Robert A. Welsh, Jr., Justice

The report states that it contains all of the evidence material to the questions reported. The defendants (LeTendres) claim to be aggrieved by the findings and rulings of the court contained in its memorandum and order and the order dismissing the draft report.

There was no error.

I.

The defendants (LeTendres) seasonably filed a draft report with the clerk of the court

---

*In reaching the conclusion, I have carefully considered the instant case in the light of Schulte v. Director, Division of Employment Security, 369 Mass. 74 (1975), and particularly footnote 4, id, at 79. If the principles upon which Famigletti and Wind Innersole rest are to be modified it should be done by the appropriate Appellate Court."

where the action was brought and where the trial in large part was held, in accordance with Dist./Mun. Cts. R. Civ. P. 64(c)(1)(ii). What the defendants utterly failed to do was to deliver or mail a copy of such draft report to the trial justice addressed to him at the court where the case was heard. This was in contravention of the provisions of Dist./Mun. Cts. R. Civ. P. 64(c)(3), set out in part below.[2] It is to be noted that the trial judge was assigned to hear this case, he being the presiding judge of another district court.

The basic principles concerning appellate procedure are clear. Rules of court, duly made, have the force of law, and are binding upon the court and the parties, and cannot be waived or ignored. **Flynn, Pet., 265 Mass. 310, 313 (1928); Berkowitz v. Peter Fabrics, Inc., 56 Mass. App. Dec. 40, 41 (1975); Deacy v. First National Bank of Boston Exec. 49 Mass. App. Dec. 52, 54 (1972).** "Provisions of statutes and rules of court regulating appellate procedure are construed strictly;" **Famigletti v. Neviackas, 324 Mass. 70, 72 (1949),** and failure to comply is fatal to the right to prosecute an appeal. **Murphy v. William C. Barry, Inc., 295 Mass. 94, 97 (1936).**

We are cognizant that more recent decisions have permitted deviations from certain statutes or rules governing appellate procedure. Several of these have involved deviations from timetables for appellate procedures established by statute or rules of court. See, **Vyskocil v. Vyskocil,**[a] ___ Mass. ___ (1978); **Schulte v. Director, Division of Employment Security, 369 Mass. 74 (1975).** However, no decision has come, or been brought, to our attention affecting the obligation of the appellant to provide the trial judge with a copy of his draft report as prescribed by Dist./Mun. Cts. R. Civ. P. 64(c)(3).

We, therefore, hold that the failure of the defendants to provide the trial judge with a copy of their draft report is fatal to their right to prosecute an appeal, and that the trial judge properly dismissed their draft report in accordance with Dist./Mun. Cts. R. Civ. P. 64(c)(6)[3]. **Wind Innersole and Counter Co., Inc. v. Geilich, 317 Mass. 327, 328-329 (1944); Blake v. Seavey,** ___ Mass. App. Dec. ___ (1979)[b]; **Sacca v. Freedman, 31 Mass. App. Dec. 150, 153-154 (1965); Fuller Electric, Inc. v. Cressaty, 20 Mass. App. Dec. 168, 169-170 (1961).**

**II.**

In view of our holding, we do not find it necessary to consider the effect, if any, of the court's finding that "the defendant appellant failed to file a certificate of service indicating what steps he took to comply with Rule 64(c)(3)" in accordance with Dist./Mun. Cts. R. Civ. P. 5(d).

The report should be dismissed.

**So Ordered.**
**Edward A. Lee, P.J.**
**Daniel H. Rider, J.**
**Richard Staff, J.**

---

[2](3) Furnishing copies. A copy of such draft report shall forthwith be delivered or mailed postage pre-paid by the party requesting the report to the trial justice addressed to him at the court where the case was heard, and to the adverse party or parties, before the close of the next business day after such filing.

[a]1978 Mass. Adv. Sh. 2242.

[3]"(6) Dismissal of Draft Reports. If the party requesting the report has failed to comply with the statutes or any of these rules applicable to draft reports, the justice may dismiss it, in which case an aggrieved party who desires to raise the question of the correctness of the said order of dismissal may file a request for report and draft report on said dismissal and proceed as provided in these rules."